Mr. Justice MacArthur
delivered the opinion of the court:
The responsibility of a railway company to a third person is quite distinguishable from that which it owes to a passenger. In the case of the latter, the very highest care and the greatest possible diligence are to be exercised for his safety, while toward a stranger ordinary care, adapted to the circumstauces of the case, is all that the law requires. The discretion which would be exercised in running a train of cars attached to a locomotive when passing through the open country would be very different from the prudence to be employed in traversing the streets of a crowded city. Hence, it is their duty to check their speed, to ring bells, or sound a whistle, and to employ generally the means at their command for the purpose of warning persons using the streets of the danger. A person driving a carriage or a wagon would not be required to use such method of signaling the public. What would be extraordinary care in their case would amount only to ordinary diligence upon the part of a company which wielded such powerful machinery as constitutes a running train of cars. These precautions are so> obviously necessary, that railroad corporations have required them to be used by their own regulations, and in many cases the statute makes them imperative. Indeed, the safety of the public demands that they should be regarded as matters of ordinary care where the danger is so great and the means of avoiding it so easy of exercise. We think, therefore, that the judge who tried the cause was justified in giving the instruction to the jury asked for by the plaintiff’s counsel, that if they should find there was no notice given of the movement of the train either by ringing a bell, blowing a whistle^ or otherwise, and should also find the other facts referred to in the instruction, the defendant would be liable, as these facts made it the duty of the defendant to give notice of some kind before moving. Another of the circumstances to be found by the jury in order to impose liability ■was,“ that the plaintiff got on the train when it was standing still; that the injury to the plaintiff was occasioned by suddenly starting the train either backward or forward.” If the *288 train was standing upon the avenue where it is crossed by Ninth street, it surely was the duty of the defendant, in the exercise of ordinary care, to give some signal when it was put in motion, and if no such notice was given, the omission was clearly negligence in law. The questions were left to the consideration of the jury upon the evidence whether the defendant had been in the habit of obstructing Ninth street, and whether foot men had theretofore been in the habit of passing under or over the cars in the presence of defendant’s employés, and with their acquiescence. These are circumstances which would probably and naturally influence the conduct of persons in the habit, as was the plaintiff, of using the street at the point where the accident occurred. The plaintiff started from his house in the morning to go to his employment as a journeyman carpenter, and found the train of freight-cars lying along Maryland avenue. This avenue had been dug up, and rendered impassable for the distance of two blocks, except at the crossing, by a rain the night previous. Now, if the parties having occasion to use Ninth street had been accustomed to pass over the cars when they obstructed the -street, and especially when there was no other way, except at the crossings, on account of the mud, it was certainly an important circumstance as affecting both the responsibility and the conduct of parties. The plaintiff’s testimony, tended to prove that the company were constantly in the habit of obstructing Ninth street with their trains, having engines attached thereto, for as long as half an hour at a time, and that on this occasion the train remained across said street for about twenty minutes after the defendant was injured. It is true that defendant had the right to run their trains upon the avenue, and it may be to stop them there for such reasonable length of time as might be necessary for the business of the road. This of course interfered with the free passage way of a public thoroughfare. It is equally clear that plaintiff could not have crossed the avenue without going considerably out of the way, owing to its impassable condition at the time. The circumstances of inconvenience, therefore, which surrounded this particular case might well induce the company to allow parties to pass freely over the platform of their trains thus situated. I am aware that the testimony of *289 the defendant contradicted that of the plaiutiff on this subject, but the learned judge who tried the case left the fact to be determined by the jury, saying, in substance, that if they •determined that fact in favor of the plaiutiff, the defendant would then be liable. After attentive consideration, we are of opinion that the province of the jury was not infringed, and that the rule of law was properly expressed in the plaintiffs instruction. We have been cited to the case of Lewis vs. Baltimore and Ohio Railroad Company, 38 Md., 551; but the case at bar is unlike that one in several important particulars. There was no testimony in that case as to a custom having prevailed by which the railroad permitted foot-men to go over the cars in order to reach the other side of the street without objection on the part of the employes of the .road. In that case, also, the party injured attempted to cross, •although it was dark, and a policeman was stationed there to prevent any one passing over in that manner. We are of opinion that it is not an authority in point, although some of the circumstances are similar.
It was also said on the argument that the plaintiff was a trespasser on the defendant’s cars, and is, therefore, entitled to no redress; but if it be true, and the j ury have found that it is true, that the defendant permitted persons to pass over their trains under the same circumstances as existed in this instance, the plaintiff can hardly be regarded as a trespasser; and even if we assume that he had no right to be there, yet this would not absolve the defendant from the exercise of ordinary care. We do not forget the doctrine that a plaintiff cannot recover for an injury unless he was himself free from fault, but it would be a serious injustice to apply this rule if the party had done no more than act in conformity to a custom or habit which had grown up with the acquiescence of the defendant. The act of the plaintiff in attempting to pass -over the cars, at most, was only a technical trespass, so that, even if the jury had found the facts to be as claimed by the plaintiff, it is doubtful whether he would be»precluded from a right to recover, as the conduct of defendant in neglecting the ordinary precautions at the time of starting the train was the direct and proximate cause of the injury. In Isbell vs. New York and New Haven Railroad Company, 27 Conn., 393, *290 S. C., 2 Redf. Railway Cases, 474, the court held the doctrine that the negligence on the part of the plaintiff which will preclude his recovering damages for the -negligence of the defendant must be the actual proximate cause, and not a mere technical wrong, contributing either incidentally or remotely, or not at all, toward the injury. The decisions bearing upon this doctrine are fully discussed in the case last cited, and Mr. Redfield, in an elaborate note to it, maintains the same ground, and also reviews the law in regard to the effect of contributory negligence on the part of the plaintiff-in actions of this description. We, however, have said enough to indicate our views, and conclude by saying that the judgment below ought to be affirmed.