### LITTLEJOHN v. R. & D. R. R. CO.[1]

1. NEGLIGENCE—RAILROADS.—Under section 1685 of Revised Statutes, the failure of a railroad company to sound the whistle or ring the bell on its engine before moving a train of freight cars, standing with some cars above, some on, and some below a traveled crossing in a town, makes out a *prima facie* case of negligence.
2. PROOF—PLEADINGS.—Defendant having admitted that it was in possession of a track and railroad that it was operating, and running its freight and passenger cars thereon, cannot require the plaintiff, in a suit for damages for injury to plaintiff, to prove that it was defendant's cars that injured him on such road.
3. NONSUIT—EVIDENCE.—The evidence on the question of negligence in this case should have been submitted to the jury.

Before WALLACE, J., Spartanburg, August, 1893. Reversed.

Action by J. R. Littlejohn against the Richmond and Danville Railroad Company, for damages for injuries to his person by mashing his foot between the bumpers on a train of freight cars standing across a traveled street in the town of Gaffney. At close of plaintiff's testimony a nonsuit was granted. Plaintiff appeals.

*Messrs. Bomar & Simpson,* for appellant.

*Messrs. J. S. Cothran* and *Duncan & Sanders,* contra.

[1] The liability of a railroad company for obstructing highway crossing is the subject of annotation to *Sellick* v. *Lake Shore & M. S. R. Co.* (Mich.), 18 L. R. A., 154.

Sept. 19, 1895. The opinion of the Court was delivered by
MR. JUSTICE POPE. This action came on for trial at the
August, 1893, term of the Court of Common Pleas for Spar-
tanburg County, before his Honor, Judge Wallace, and a
jury. By the findings, it was alleged that the plaintiff, on
the 19th August, 1891, while passing between a train of
freight cars drawn by an engine of defendant (who was lessee
of the Air Line Railroad), in the town of Gaffney, in this
State, was so injured by said cars that a portion of his foot
was amputated; that when the plaintiff started to pass be-
tween said cars the train was stationary, and had been so
for ten or fifteen minutes preceding his effort to cross; that
the defendant's train was put in motion by the engine draw-
ing the same without any warning being given, either by
blowing the whistle or ringing the bell, as the law requires,
and that where the plaintiff attempted to cross between the
cars was on a public highway leading to his home from said
town of Gaffney, and that defendant's train of cars was
across this highway.

The defendant admitted the control of said Air Line Rail-
road, and that it operated the same by its engine and cars,
both passenger and freight; but it denied all the facts as to
the injury of the plaintiff, and claimed if he was ever injured,
it was occasioned by his own fault.

After the plaintiff had closed his testimony, which tended
to show that the plaintiff had received the injury as set out
in his complaint, the defendant moved for a nonsuit, which
was granted. From this judgment the plaintiff now
appeals. We gather from the "Case" that the Cir-
cuit Judge was influenced in granting the same by
the fact that he construed section 1685 of the Civil Statute
Law of South Carolina, 1 Revised Statutes, page 576, not
to require the whistle sounded or the bell rung, in case the
train was stopped across a highway, before it was moved
from across the same. The appellant contends that this
was error. We are inclined to agree with the appellant.
The language of the section, so far as this point is concerned,

is as follows: "Sec. 1685. * * * and if the engine *or cars shall be at a standstill* within a less distance than 100 rods of such crossing, the bell shall be rung, or the whistle sounded, for at least thirty seconds before the engine shall be moved, and shall/be kept ringing until the engine shall have crossed such public highway or street or traveled place." The testimony was that some of the cars were above, some on, and some below the street crossed by this train. The words of the statute, within a less distance than 100 rods, are fully answered by some of these cars being below the street in question. Hence the duty to sound the whistle or ring the bell for thirty seconds existed with this railroad, so far as this defendant was concerned; and if the railroad neglected this duty, a *prima facie* case of negligence was established. There was some testimony on this point. Hence the cause should have been submitted to the jury.

But the respondent insists that the appellant failed to show that it was defendant's train of cars that did the plaintiff injury. We do not see that it was incumbent upon the plaintiff to prove this fact, in view of defendant's admission of the third paragraph of the complaint, for it was there asserted that defendant was operating the said road, and running their freight and passenger cars and locomotives over the said leased road.

The other claims of defendant, respondent, that the evidence showed beyond contradiction that the injury complained of was caused by his own act; that the evidence showed that plaintiff took his own risk in attempting to cross through and between the cars in question; and that there was no proof that injury was caused by any negligence of defendant, respondent—all these present questions of fact that ought to have been passed upon by the jury and not the Judge. It follows that the Circuit Judge was in error.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.