## EDWARDS v. RAILROAD.

(Filed November 22, 1905).

*Railroads — Crossings — Negligence — Contributory Negligence—Instructions.*

1.  An instruction that "it is the duty of the defendant's engineer or fireman to ring the bell or sound the whistle, or give other suitable and sufficient signals and warnings of the approach of its train, while moving its train in its yards, and to use all proper and reasonable efforts to avoid injuring any party who may be in its yards on legitimate business, and if the jury find that the defendant failed to give such signal and take such precautions,· and said acts   *   *   *   resulted in the killing of the plaintiff's intestate, they should answer the first issue 'yes,'" is not contradictory.

2.  An instruction that "the use of the highways and streets by the traveling public belongs as much to the public as the track does to the railway company, and for the company to block up the highways without absolute necessity, or to render its use so dangerous as to deter the public, or to keep them in constant fear of life and limb, would be a material and unlawful interference with their rights, and if the jury find   *   *   *   that the defendant so blocked up and obstructed a public highway, this would be evidence of negligence, and if such negligence caused the killing of the intestate, then the jury will answer the first issue 'yes,'" is correct.

3.  A finding by the jury, that the plaintiff's intestate was guilty of contributory negligence, makes it unnecessary to consider an exception to a refusal of a prayer of defendant as to contributory negligence.

ACTION by R. S. Edwards, Administrator of Harry Praylow, against the Carolina & Northwestern Railway Company, heard by *Judge C. M. Cooke* and a jury, at the September Term, 1905, of the Superior Court of LINCOLN. From a judgment for the plaintiff, the defendant appealed.

*D. W. Robinson* for the plaintiff.
*J. H. Marion* and *C. E. Childs* for the defendant.

CLARK, C. J.    At Lincolnton station the defendant's tracks
are on the north side of the depot and those of the Seaboard
Air Line Railway are parallel and on the south side.  On
the day in question a long freight train had come in on the
defendant's track and had been engaged in unloading and
shifting, some half hour, when the passenger train came in
on the other road.   Thereupon the defendant's freight train
was "cut open" where the street leading to the town crossed
its track.   This street was then used, and had been for many
years, as the main and only thoroughfare to and from the
trains and depot.   After being left open a short while, half
the width of the street or less, and before the Seaboard pas-
senger train had left, this interval in the defendant's freight
train was closed to three or four feet in width.   The plain-
tiff's intestate, who was the mail carrier between the station
and the postoffice (which was on the north side), came from
the Seaboard train pushing a wheelbarrow loaded with mail.
He threw the mail across the opening, it being too narrow for
his wheelbarrow, and then was trying to cross through
himself, when the train came back and killed him.   The
defendant made the usual motion in negligence cases to take
the case from the jury, but his first exception for the refusal
of a nonsuit needs no discussion.

The second exception is because the court charged the jury
that "it is the duty of the defendant's engineer or fireman
to ring the bell or sound the whistle, or to give other suitable
and sufficient signals and warnings of the approach of its
train, while moving its train in its yards, and to use all
proper and reasonable efforts to avoid injuring any party
who may be in its yards on legitimate business, and if the
jury find from the greater weight of evidence that the de-
fendant failed to give such signal and take such precautions,
and the said acts on the part of the defendant resulted in the
killing of the plaintiff's intestate, they should answer the
first issue 'yes.' *Smith v. Railroad,* 132 N. C., 824." The

defendant insists that this is contradictory because the first part of the instruction is in the alternative "ringing or sounding the whistle, and in the second part "giving the signal and take such precautions." But we do not so find it. The latter part says "signal and precaution," which is merely the equivalent of the alternative "signal" and "proper and reasonable effort" to avoid injury to others mentioned in the first part of that instruction.

The third exception is to the following instruction: "The use of the highways and streets by the traveling public belongs as much to the public as the track does to the railway company; and for the company to block up the highway without absolute necessity, or to render its use so dangerous as to deter the traveling public, or to keep them in constant fear of life and limb, would be a material and unlawful interference with their rights; and if the jury find from the greater weight of the evidence that the defendant in this case so blocked up and obstructed a public highway in the town of Lincolnton, this would be evidence of negligence, and if such negligence caused the killing of the plaintiff's intestate, then the jury will answer the first issue 'yes.' *Norton v. Railroad,* 122 N. C., 928;" but we think it a correct statement of the law, and this also disposes of the fourth exception.

The fifth exception to a refusal of a prayer as to contributory negligence need not be considered, for, if it were conceded to have been error to refuse it, the jury cured such error by its finding that the plaintiff's intestate was guilty of contributory negligence. It is true this prayer was that the defendant was not guilty of any negligence, if the intestate was guilty of conduct recited, which would amount to contributory negligence, and was properly refused on that ground.

There was conflicting evidence as to whether the flagman told the plaintiff's intestate to pass through or told him not to do so, and whether the train came back on a signal or not. The jury found on the first of these propositions that the intestate was guilty of contributory negligence in trying to

pass through the narrow opening, but further found that there was negligence in moving the train back and closing the gap, without warning to the intestate of such movement, and that this negligence was the proximate cause of his death. The judge told the jury that if they should "find that notwithstanding the negligence of the intestate in entering upon the crossing, the defendant by the exercise of ordinary and reasonable care, in the movement of its train, could have avoided striking the intestate, then they should answer the third issue 'yes.' "

The cause was fully and very ably argued here on both sides, but on full examination of the whole case, we think that the judgment below should be

Affirmed.