6548

WALKER v. SOUTHERN RY.—CAROLINA DIVISION.

1. RAILROADS—TRESPASSER—CROSSING—CASE CRITICISED.—Sec. 1375, Code
1902, does not change or affect the rule laid down in *Littlejohn* v.
*R. R.,* 49 S. C., 12, holding that a railroad company may be a tres-
passer by obstructing a public crossing by leaving its train stand-
ing across it for an unreasonable length of time.

2. IBID.—IBID.—IBID.—NEGLIGENCE—ISSUES.—Whether one is grossly
negligent who attempts to use a public crossing by passing between
the cars of a train which has occupied the crossing for an unreason-
able length of time, if an emergency prompts the act and reliance
is placed upon the duty of the company to give the statutory sig-
nals before moving the train, is not a question of law.

Before SPECIAL JUDGE J. E. McDONALD. Barnwell,
October, 1905.    Affirmed.

Action by Winton T. Walker against Southern Ry.,
Carolina Division, and Southern Ry. Co.    From judgment
for plaintiffs, defendants appeal.

*Messrs Jos. W. Barnwell* and *Robert Aldrich,* for appel-
lants, cite: *Demurrer will lie to complaint if it states con-
tributory negligence:* 58 S. C., 491; 64 S. C., 553.    *Does
the complaint show contributory negligence:* 49 S. C., 12;
1 Hill, 365; 30 S. C., 539; 46 S. C., 327; 23 S. C., 531.
*Doctrine announced in Littlejohn* v. *R. R., 49 S. C., 18, is
modified by Code 1902, sec. 1375.    Attempting to cross over
train is hazardous:* Moore on Carriers, 673, 833, 836, 562.

11—77

*Messrs. Bates & Simms,* contra, cite: *The complaint does not show such gross and wilful negligence as would warrant Court in dismissing the complaint:* 58 S. C., 491; 64 S. C., 561; 49 S. C., 12; 69 S. C., 479. *This action does not fall under the act, 21 Stat., 954, requiring traveller to give notice before he can require train to be moved or be liable:* 29 S. C., 303; 53 S. C., 121; 58 S. C., 223; 52 S. C., 323; 34 S. C., 211; 47 S. C., 105, 375; 59 S. C., 87; 49 S. C., 12; 61 S. C., 404; 72 S. C., 1; 25 S. C., 853; 47 S. C., 28.

May 29, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. On August 13th, 1903, defendant's freight train, consisting of an engine and fifteen box cars, going towards Columbia, S. C., took the siding at Monie or Walker's station, in Barnwell County, to clear for defendant's fast passenger train No. 33, going towards Savannah, which passed that station a few hours later without stopping and dropped the mail bag. The plaintiff was postmaster at Monie and lived and kept the postoffice near the station, and it was his duty to take charge of the mail bag as soon as possible after it was thrown out. The freight train was standing between plaintiff and the place where the mail bag was thrown out and was upon the street or public crossing. While the train was thus standing, the plaintiff, wishing to get the mail bag and without giving notice to any one in charge of the train, attempted to pass over the bumpers between two freight cars which stood upon the crossing, and while so doing the train moved to back out of the siding, catching and crushing his right foot between the bumpers. This action was brought to recover for his injuries, and the trial before special Judge J. E. McDonald resulted in a verdict and judgment in his favor for $7,500, from which the defendant has appealed.

The acts of negligence alleged in the complaint were that the defendant allowed its train to block the public crossing for an unreasonable length of time, at least twenty minutes,

and moved its train without notice of warning and without blowing the whistle or ringing the bell.

The defendant by demurrer to the complaint for insufficiency, by requests to charge and by its grounds urged for new trial, raised the question as to the effect of Section 1375, Civil Code, as applied to the rule declared in the case of *Littlejohn* v. *R. R. Co.,* 49 S. C., 12, 18, 26 S. E., 967. In that case the Court declared: "If · a railroad company obstructs a highway for an unreasonable length of time or for a longer time than the law permits, unless it is without fault, the railroad company thereupon becomes a trespasser; and if a person makes a reasonable use of its cars without injury to them at a crossing, for the sole purpose of crossing the railroad track, the railroad company is estopped from saying. that he is a trespasser. Having brought about the necessity, it cannot take advantage of its own wrong." The appellant contends that under Section 1375 a railroad company does not become a trespasser by obstructing the highway with its train unless the obstruction remains longer than five minutes after notice to remove the same. Section 1375, of Civil Code 1902, was originally Sec. 19, of act of 1896, and provides: "If any person or persons, corporation, or any conductor of any train of railroad cars, or any other agent or servant of any railroad company, shall obstruct unnecessarily any public road or highway, by permitting any railroad car or cars or locomotive to remain upon or across any street, public road or highway, for a longer period than five minutes after notice to remove said cars has been given to conductor, engineer, agent, or such other person in charge of said train, or shall permit any timber, wood or other obstructions to remain upon or across any such street, road or highway, to the hindrance or inconvenience of travelers, or any person or persons passing along such street, road or highway, every person or corporation so offending shall forfeit and pay for every such offense any sum, not exceeding twenty nor less than five dollars, and shall be liable for all damages

arising to any person from such obstruction or injury to such road or highway, to be recovered by an action at the suit of the township or county board of commissioners in the township or county where such offense shall have been committed, or any person suing for the same, before any magistrate within the county where such offense shall have been committed, or by indictment in the Court of General Sessions, or suit in the Court of Common Pleas. * * *."

We find nothing in the terms of this statute or in the time and circumstances of its enactment to induce a belief that its design was to effect or alter the doctrine declared in Littlejohn's case. This statute was first enacted March 23, 1896, whereas the decision in the Littlejohn case was filed on March 31, 1897. The statute was not considered in that case nor brought to the attention of the Court, probably because the cause of action had arisen and the trial on Circuit was had previous to its enactment. Considering the effect of the statute now for the first time, we are of the opinion that the Littlejohn's case is not affected thereby. The statute does not purport to declare how long a railroad company may occupy a public crossing without being a trespasser in the sense of the terms as used in the Littlejohn case, but merely prescribes when a railroad company unnecessarily obstructing a public highway or crossing shall be liable to the penalties or special remedies prescribed in the statute. The plaintiff's action is not based upon this statute to recover damages arising merely from the *obstruction* of the highway, but is to recover for personal injuries as the result of a *collision* with defendant's cars at a public crossing, brought about by defendant's alleged negligence in moving the cars while upon the crossing without warning, or without giving the signals as required by Section 2132, of the Civil Code. Section 2139 expressly provides that a railroad corporation shall be liable for damages caused by a collision at a public crossing if the signals required by statute be not given and such neglect contributed to the injury, unless the party injured at the time was guilty of

gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence contributed to the injury. Liability under the statute has been repeatedly enforced in cases where the plaintiff was injured while attempting to pass between cars standing on a public crossing for an unreasonable time or for an unlawful time, even though the record showed failure of plaintiff to give notice to remove the obstruction before attempting to use the crossing. *Burns* v. *Ry.*, 61 S. C., 404, 39 S. E., 569; 65 S. C., 229, 43 S. E., 665; *Thomasson* v. *Ry.*, 72 S. C., 1, 51 S. E., 443; *Weaver* v. *Ry.*, 76 S. C., 61.

Whether the plaintiff was grossly negligent in attempting to use the crossing under all the circumstances was fairly and properly submitted to the jury. We cannot say as matter of law that one is grossly negligent who attempts to use a public crossing by going between the standing cars of the railroad train, which has occupied the crossing for an unreasonable length of time, if an emergency prompts the act and reliance is placed upon the duty of the railroad company to give the statutory signals before moving the train.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.