CARL CHERRY, by Guardian, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, April 1, 1912.

1. CONTRIBUTORY NEGLIGENCE: Passing Between Cars at Crossing: Railroads. It has often been held that it is negligence in law to attempt to climb over between two cars at a street crossing, without first learning whether or not the cars are likely to be moved. The reason for such holding is that a person approaching a railroad track across a street and finding cars standing thereon should expect that they are liable to be moved at any time. But if a state of facts be shown which makes it affirmatively appear that there is no reasonable ground to apprehend that the cars will be moved, then it is not negligence as a matter of law to attempt to pass between them.

2. ————: ————: ————: No Reasonable Ground to Expect Cars to be Moved. Where it was the custom of defendant to leave cars blocking the street all day at times, when there was no engine near and footmen were compelled to climb over between the cars to pass along the street at all hours of the day and on the occasion of plaintiff's injury the cars blocking the street had remained there all night, and according to plaintiff's testimony up to 7:30 a. m., a half hour after the only engine that could be expected to move them should have left on its regular run, and plaintiff thought that the engine had departed on time, held, that plaintiff would not be guilty of contributory negligence, as a matter of law, for climbing over between the cars as he did, but that from all the evidence the question of plaintiff's contributory negligence was for the jury.

3. RAILROADS: Negligence: Moving Cars from Crossing Without Warning: Violation of City Ordinance. Plaintiff, a minor, had his foot crushed in an attempt to cross over between cars. The evidence is examined and held that the basis for the charge of negligence against the defendant arises from the fact that defendant had blocked the street so often and for so long a time that pedestrians were compelled to climb over between these cars in order to pass along the street at all and that by reason thereof defendant's servants in charge of the train ought to have apprehended the probability of some one attempting to cross between its cars at any time and from that fact the duty to give warning before moving the cars would arise and that this was the only theory under the evidence on which the case should have gone to the jury and that it was not proper to instruct the

jury on the question of defendant's failure to comply with the city ordinance, which prohibited the defendant from blocking the street longer than five minutes and required it to ring a bell or sound a whistle when approaching a crossing and before starting to move across or along the street.

4. ———: ———: ———: ———: **Reason to Apprehend Injury to Person.** An engineer, who has permitted his train to stand across the street for a longer time than allowed by the ordinances of the city, is not by that fact alone required to give warning when he attempts to move the cars, but the duty to give notice of such intended movement depends upon whether or not there was some reason to apprehend that some one might be endangered by the movement of the cars.

5. ———: ———: ———: ———: ———: **Instructions.** In an action for damages on account of injury received by plaintiff while attempting to cross over between the cars of defendant, which were blockading a street, it is error for an instruction to assume that it was the duty of defendant to exercise reasonable care and precaution to prevent any injury to persons upon its track, for whether or not defendant owed the plaintiff any duty to use care to prevent injuring him while attempting to cross between the cars, would depend upon whether there was any reasonable ground to apprehend that plaintiff might be in that position when the train started to move and this was an issue of fact for the jury.

6. **CONTRIBUTORY NEGLIGENCE: Injury to Minor: Instructions: Taking Age into Consideration.** In an action for damages for personal injuries to plaintiff, a minor twelve years and nine months of age, an instruction is erroneous which permits the jury to take the age of plaintiff into consideration in determining what care he should be expected to use for his own safety, without any reference to his intellectual capacity or knowledge of the dangers attending his situation, for the age of a party can only be considered in so far as it has a bearing on the ability of the party to know and appreciate the danger.

7. ———: ———: ———: ———. In an action by a minor for personal injuries the testimony of the plaintiff is examined, touching his knowledge and appreciation of the danger, and *held* that the plaintiff's conduct should have been measured by the same standard as that of an adult.

8. **DAMAGES: Personal Injuries: Future Pain and Suffering: Instructions.** In an action for damages for personal injuries plaintiff can only recover damages for future pain and suffering, when the evidence shows with reasonable certainty that future pain and suffering will follow as the result of the injury and an instruction which uses the term "likely" instead of reasonably

certain, is criticised, for the reason that "likely" is not synonymous with "reasonably certain." But whether the use of "likely" would be a reversible error is not determined.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *W. J. Orr* for appellant.

(1) It is negligence as a matter of law for one to climb over the couplings of cars standing over a public crossing. Reimer v. Railroad, 46 Fed. 344; Railroad v. Pinchin, 13 N. E. 677; Andrews v. Railroad, 12 S. W. 213; Smith v. Railroad, 7 N. W. 398; Lewis v. Railroad, 38 Md. 588. (2) A child twelve years and nine months old, possessing the intelligence and capacity of plaintiff is treated as *sui juris* when the question of his contributory negligence is in issue. McGhee v. Railroad, 114 S. W. 33; Deechner v. Railroad, 98 S. W. 937; Mann v. Railroad, 100 S. W. 566; Paine v. Railroad, 38 S. W. 308; Messenger v. Denny, 137 Mass. 197; Twist v. Railroad, 39 Minn. 164; Murray v. Railroad, 93 N. C. 92; Spillane v. Railroad, 37 S. W. 198; Walker v. Railroad, 193 Mo. 48; Stigman v. Gerber, 123 S. W. 1041; Henry v. Railroad, 125 S. W. 794; Coy v. Railroad, 86 Pac. 468. (3) Instruction No. 5, on the measure of damages violates the rules announced in Spohn v. Railroad, 116 Mo. 617; Schwend v. Railroad, 80 S. W. 4.

*Abington & Phillips* for respondent.

(1) Defendant was guilty of negligence in blocking Cedar street with a connected string of box cars for a period of twelve hours or more. Brown v. Railroad, 50 Mo. 461; Burger v. Railroad, 112 Mo. 238; Schmitz v. Railroad, 119 Mo. 256; Wilkins v. Railroad, 101 Mo. 93; McCoy v. Railroad, 5 Houst. 599; Rail-

road v. Owen, 121 Ga. 220, 48 S. E. 916; Railroad v. Curtis, 87 Ga. 416, 13 S. E. 757; Smith v. Railroad, 84 Ga. 698, 11 S. E. 455; Mayer v. Railroad, 63 Ill. App. 309; Railroad v. Roberts, 91 N. W. 707; Duffy v. Railway, 56 S. E. (N. C.) 557; Todd v. Railway, 201 Pa. St. 558; Golden v. Railroad, 187 Pa. St. 635; Railroad v. Bowles, 72 S. W. (Tex.) 451; Railway v. Simon, 54 S. W. (Tex.) 309; Thompson v. Railway, 93 Mo. App. 548.   (2) In the following cases it is held that the occupation of a street crossing by railroad engines, without authority of law, constitutes negligence *per se* on the part of the railroad company.  Railway v. Robbins, 2 Colo. App. 313; Railway v. Curtis, 87 Ga. 416. (3) Defendant cannot justify its wrongful and unlawful conduct in blocking Cedar street at the time plaintiff was injured by the fact that it had blocked the street on a previous occasion, or that other parties had been in the habit of throwing litter in the street. Centralia v. Smith, 103 Mo. App. 438; People v. Gardner, 143 Mich. 104; Port Jarvis v. Close, 2 Silv. Sup. (N. Y.) 501; Chimine v. Baker, 32 Tex. Civ. App. 520, 76 S. W. 330.   (4) The defendant company in this case had indulged in the habit for years of blocking the street where plaintiff was injured; pedestrians during these years had been in the habit of crawling under and between the cars; defendant was chargeable with notice of this fact and should move its trains across the street with a view of this habit of the people who were accustomed to pass between its cars, and if it failed to do so it was guilty of negligence.  LeMay v. Railroad, 105 Mo. 361; Lynch v. Railroad, 111 Mo. 601; Murrell v. Railroad, 105 Mo. App. 88; Railroad v. Cross, 58 Kan. 424, 49 Pac. 599; Grant v. Railroad, 2 McArthur (D. C.) 277; Sheridan v. Railroad, 101 Md. 50; Railroad v. Grissom, 82 S. W. 670.   (5) Plaintiff was not guilty of contributory negligence either as a matter of fact or a matter of law in attempting to climb between the cars blocking Cedar street, under the facts

and circumstances of the case at bar. Johnson v. Railroad, 141 S. W. 475; Jennings v. Railroad, 112 Mo. 268; Schmitz v. Railroad, 119 Mo. 256; Burger v. Railroad, 112 Mo. 238; Wilkins v. Railroad, 101 Mo. 93; Railroad v. Landrigen, 191 U. S. 461.

COX, J.—Action for damages for personal injury. Judgment for plaintiff for $1750 and defendant has appealed.

The injury occurred in November, 1909. Plaintiff was at that time twelve years and nine months old. The place of the injury was on Cedar street in the city of Poplar Bluff where the tracks of defendant cross the street. This street was not traveled much at that point at that time but was a public street and was traveled to some extent. Defendant's servants often left freight cars standing on its switch track across this street which so blocked its passage that pedestrians were compelled to, and did, climb over between the cars in order to pass along the street and for some years it had been a common practice for footmen on this street to cross in that way. On the morning of the injury, this street was blocked by cars standing on the switch track and plaintiff in going to where his father was at work climbed over between two cars in crossing. Soon thereafter in going to town upon an errand for his father, he climbed over between the cars again. Upon his return he again did the same thing. Soon thereafter he went to town again upon an errand for another party and again climbed over between the cars in the same way. On his return at this time he climbed over between the cars as he had before but as he was in the act of doing so the cars moved and the big toe of his left foot was caught between the bumpers and was badly mashed. The defendant ran but one freight train out of Poplar Bluff each day and its schedule time to leave was 7 a. m. except on Tuesday and Saturday when it left in the afternoon. The freight train

came in in the evening and remained at Poplar Bluff
over night.   Plaintiff testified that he knew the train
was to leave at 7 a. m. on that morning and that he
thought it had gone when he attempted to cross and
was injured which was at 7:30 a. m.   That no bell was
rung or whistle sounded.   That he did not look for the
engine because he thought it had gone. There was other
testimony that if he had looked he could not have seen
the engine.   The doctor who dressed the wound testi-
fied that his book showed that the plaintiff was treated
by him at 7:10 a. m.   Plaintiff further testified that
had he known an engine was attached or about that he
would not have attempted to cross for fear that he
would have gotten hurt.   An ordinance of Poplar Bluff
prohibited a railroad company from blocking a street
longer than five minutes at a time, also required a bell
to be rung or whistle sounded when approaching a
crossing and before starting to move across or along a
street.

Should the demurrer to the testimony have been
sustained?   The contention of appellant is that it
should for the reason that plaintiff's testimony shows
him to have been guilty of contributory negligence as
a matter of law.   This contention is based upon the
fact that plaintiff climbed over between two cars stand-
ing across a street without first making an effort to
ascertain whether or not an engine was attached, or
the cars likely to be moved.   It has often been held
that it is negligence in law to attempt to climb over
between two cars at a street crossing without first
learning whether or not the cars are likely to be moved.
The reason for that holding is, that a person approach-
ing a railroad track across a street and finding cars
standing thereon is presumed to know that the com-
pany has no right to leave them there but a short
time, and therefore, he should expect that they are
liable to be moved at any time and for that reason
the burden is cast upon him to ascertain whether or

not they will be moved before he attempts to climb over between them. [Corcoran v. Railroad, 105 Mo. 399, 16 S. W. 411; Hudson v. Railroad, 101 Mo. 13, 14 S. W. 15.] The test as to the amount of care required on the part of the party approaching the cars is fixed by the probability of the cars being moved. A person approaching cars blocking a street crossing, would, in the absence of notice to the contrary, understand that the cars were only there temporarily and should expect them to be moved at any moment and where nothing further is shown, the court should declare as a matter of law that a party who should, under such circumstances, undertake to climb over between two cars without making any effort to ascertain whether or not they were likely to be moved before he could cross, could not recover damages if injured in the attempt; but if a state of facts be shown which makes it to affirmatively appear that there is no reasonable ground to apprehend that the cars will be moved, then it is not negligence as a matter of law to attempt to pass between them. [Johnson v. Railroad, 160 Mo. App. 69, 141 S. W. 475.]

This case is not the ordinary case of a train of cars blocking a street crossing. In this case, the street where this accident occurred was blocked a great deal of the time. Cars were left blocking this street all day at times when there was no engine near, and footmen were compelled to climb over between the cars to pass along the street at all hours of the day. On this particular occasion, the cars blocking this street had remained there all night, and according to plaintiff's testimony, up to 7:30 a. m., a half hour after the only engine that could be expected to move these cars should have left on its regular run, and had the engine left on time that morning there would have been no ground to apprehend danger in climbing over between these cars at any time after the engine had left the station. Under this state of facts, the usual rule to be applied

to a person climbing over between cars at a street crossing does not apply and proof that the cars were blocking the street is not, of itself, sufficient to convict the plaintiff of contributory negligence in attempting to climb over between them. The time of the accident, the schedule time of the train to leave the station, its usual practice at that time as to leaving on time or later and plaintiff's knowledge of these things should be considered and from all the facts and circumstances surrounding the transaction at the time, the real question to be determined was whether plaintiff had reasonable ground to believe and did believe that the train had left the station at the time he attempted to cross over between the cars and was hurt, and on the determination of that question would depend the question of his contributory negligence. Plaintiff testified that he knew the regular time of the train to leave was 7:00 a. m. and at the time of the accident which he placed at 7:30 a. m. he thought it had gone. The doctor who treated his foot testified that his book showed the boy was brought to his office at 7:10 a. m. Either the plaintiff or the doctor was mistaken as to the time, but that was a question for the jury. On the whole testimony, we think there was sufficient evidence to take the case to the jury and therefore hold that the demurrer to the testimony was properly overruled.

Error in giving instructions on behalf of plaintiff is assigned. The first instruction is very long and calls attention to the street ordinances of Poplar Bluff which prohibited the defendant from leaving its cars blocking a street longer than five minutes at one time, and also required it to ring a bell or sound a whistle when approaching a crossing and before starting to move across or along a street and bases defendant's negligence upon a failure to comply with these ordinances. Under the evidence in this case, that is not the correct basis of defendant's negligence. While

the plaintiff's testimony shows that defendant did vio-
late. the ordinances of the city by blocking the street
with cars for more than five minutes, yet, that of itself
was not sufficient to place upon defendant the duty to
ring the bell or sound the whistle before attempting to
move the cars. We do not understand that an engineer
in charge of a train after he has stopped his train
in such a way as to block a street crossing, is by that
fact alone, required to give warning when he attempts
to move the cars. Nor does the fact that he has per-
mitted his train to stand across the street for a longer
time than permitted by the ordinances of the city,
alone impose that duty as a matter of law in order to
protect some one who might attempt to cross by climb-
ing over between the cars. The defendant owed no
duty to plaintiff or anyone at that crossing to give
notice of the intended movement of the cars unless
there was some reason to apprehend that some one
might be endangered by the movement of the cars. In
this case the basis for the charge of negligence against
defendant arises from the fact that defendant had
blocked this street so often and for so long a time that
pedestrians were compelled to climb over between its
cars in order to pass along the street at all and that
by reason thereof defendant's servants in charge of
this train ought to have apprehended the probability
of some one attempting to cross between its cars at
any time, and from that fact, the duty to give warning
before moving the cars would arise. There was evi-
dence sufficient to go to the jury upon that theory and
it was the only theory on which the case should have
gone to the jury as to the negligence of defendant.

Instruction No. 2 for plaintiff was as follows:

"The court instructs the jury that it was the duty
of the defendant and its agents and servants in the
management of its locomotive and train under their
charge to exercise reasonable care and precaution to
prevent any injury to persons upon the tracks of the

defendant and any failure on their part to exercise care and precaution would be such negligence as to make defendant liable for the injuries to plaintiff resulting from such negligence, unless the jury further believes from the evidence that plaintiff was not acting with reasonable care and diligence for one of his age in passing over the cars as he did on the occasion of his injuries; and in passing upon the question as to whether the agents and servants of the defendant were or were not negligent in conducting and managing the locomotive and train at said crossing, you should take into consideration all the facts and circumstances, as proven by the evidence to have existed at the time when, and the place where the injuries occurred; and you should give to each fact and circumstance and the testimony of each witness such weight only as you may deem such fact, circumstance or testimony entitled to in connection with all the evidence in the case." This instruction was erroneous as applied to the facts of this case. It assumes that it was the duty of defendant to exercise reasonale care and precaution to prevent any injury to persons upon its tracks. This is not a case of a party being injured while upon defendant's track at a place where he had a right to be and where defendant should have expected him to be, but the injury in this case occurred while plaintiff was climbing over between two cars of defendant upon a street crossing and whether or not defendant owed him any duty to use care to prevent injuring him in that position would depend upon whether there was any reasonable ground to apprehend that he might be in that position. This was an issue of fact to be submitted to the jury and should not have been assumed to exist by the court.

This instruction is erroneous for another reason. It permits the jury to take the age of plaintiff into consideration in determining what care he should be expected to use for his own safety, without any refer-

ence to his intelligence, capacity or knowledge of the dangers attending his situation. The true test of responsibility is the ability to know and appreciate the danger and the age of a party can only be considered in so far as it has a bearing on that question. [Fink v. Railroad, 161 Mo. App. 314, 14 S. W. 568, 573, and cases cited.] Instruction No. 4 contained the same error.

The evidence in this case shows this plaintiff to have been twelve years and nine months old at the time of the accident and fourteen years old at the time he testified. His testimony shows him to be a very bright boy. Both in his testimony in chief and in a long, searching, cross-examination, he exhibited as much intelligence and showed as accurate knowledge of the matters about which he testified as any adult witness that testified. In addition to this, he testified specifically to facts which show that he did know and appreciate the danger of crossing over between cars if an engine was there likely to move them. We quote from his testimony as follows: Q. "Well, if you had thought the engine was still down there, would you have climbed over anyway?" A. "No, sir." Q. "Why?" A. "I would have been afraid to." Q. "Why? A. "Afraid I would have got hurt like I did." Q. "Then it is dangerous to climb over when the engine is there round about?" A. "Yes, sir." In this condition of the testimony, we think the court should have held as a matter of law that this plaintiff's conduct should have been measured by the same standard as that of an adult and should not have authorized the jury by instruction to consider his age in determining whether or not he was guilty of contributory negligence. [McGhee v. Railroad, 214 Mo. 530, 114 S. W. 33; Walker v. Railroad, 193 Mo. 435, 92 S. W. 83.]

On the question of damages the court gave the following instruction:

"The jury are instructed: "That, if you find for the plaintiff, you will, in assessing his damages, take into consideration the physical condition he was in before the injuries in question, and the physical pain and mental anguish he has suffered occasioned by said injuries, and the physical pain and mental anguish, if any, you believe from the evidence he is likely to suffer in the future because of said injuries and you will return your verdict for him in such sum as you believe to be just and reasonable not exceeding the sum of seven thousand five hundred dollars." It is contended that this instruction does not fix a proper rule for assessing damages based upon future pain and suffering. Appellant contends that plaintiff could only recover damages for future pain and suffering when the evidence shows with reasonable certainty that future pain and suffering will follow as a result of the injury. This is undoubtedly the law. This instruction uses the term "likely" instead of "reasonably certain" and defendant contends that "likely" is not synonymous with "reasonably certain." Since the case is to be retried we do not deem it necessary at this time to pass upon this question but will suggest that where there is a well beaten path established by an unbroken line of authorities as there is in this state as to the proper language to use in an instruction of this kind, it is always best to follow it. Judgment reversed and cause remanded. All concur.