## A. L. THOMPSON v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 23 May, 1928.)

**Negligence — Proximate Cause — Negligence to Be Actionable Must Be Proximate Cause—Nonsuit.**

> Negligence is not actionable unless it causes, or contributes in causing the injury in suit, and where the evidence discloses that it was independently and entirely caused by an act of a third person, a judgment as of nonsuit should be entered thereon.

APPEAL by defendant from *Harding, J.,* at November Term, 1927, of GUILFORD.

Civil action to recover for a personal injury which necessitated the amputation of plaintiff's leg about six inches below the knee, alleged to have been caused by the negligence of the defendant's lessee, the Southern Railway Company.

The injury occurred about 3 :15 a. m. on the morning of 8 July, 1924, while the plaintiff was sitting in his Hup roadster at the Jackson Street railroad crossing in the city of Greensboro, N. C., about 20 or 25 feet from the defendant's tracks, waiting for two freight trains to pass, one going northward on the north-bound track and the other running southward on the south-bound track, when a truck driven along the street by

some unknown person, hit the rear of plaintiff's automobile, pushed his car against the moving train, and as plaintiff jumped from his roadster, in an effort to save himself, one of his legs was caught beneath the wheels of the moving train and crushed to such an extent as to require amputation. The driver of the truck was never apprehended.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff. From the judgment entered thereon, the defendant appeals, assigning errors, relying chiefly upon its exception to the refusal of the court to grant its motion for judgment as of nonsuit.

*H. L. Koontz and Banks H. Mebane for plaintiff.*
*Hobgood, Alderman & Vinson for defendant.*

STACY, C. J., after stating the case: The negligence alleged is that the defendant's lessee, the Southern Railway Company, failed to comply with the ordinances of the city of Greensboro, (1) requiring a flagman to be stationed at Jackson Street crossing, (2) requiring "that every railroad company shall keep the street crossing sufficiently lighted to enable the public to see moving trains after dark," (3) providing that "no railroad engine or train shall run or be propelled at a greater rate of speed than twenty miles an hour within the city," (4) providing that "it shall be unlawful for any railroad company to allow two engines or trains to cross any street in the city at the same time from opposite directions," (5) providing that all railroad companies, having tracks in the city of Greensboro, shall board the grade crossings with oak planks of the thickness of the height of the rail.

A number of interesting questions are debated on brief, but a careful perusal of the record leaves us with the impression that under the decisions in *Ballinger v. Thomas, ante,* 517, *Lineberry v. R. R.,* 187 N. C., 786, 123 S. E., 1, *Harton v. Telephone Co.,* 146 N. C., 429, 59 S. E., 1022, and the principles they illustrate, the evidence offered on the hearing, taken in its most favorable light for the plaintiff, fails to show any *tort* liability on the part of the defendant, or its lessee, for which the plaintiff may recover in damages. For this reason, we think the defendant's motion for judgment as of nonsuit should have been allowed.

One may be ever so negligent, but unless such negligence proximately produces injury to another, no action for damages can be maintained therefor. *Drum v. Miller,* 135 N. C., 204, 47 S. E., 421. In other words, to constitute actionable negligence, there must be both negligence—the breach of some duty owed to the plaintiff—and injury proximately resulting therefrom. *Hurt v. Power Co.,* 194 N. C., 696.

Reversed.