PRESTON HENDRIX v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 30 December, 1929.)

1. **Railroads D b—Violation of ordinance in regard to crossing must be proximate cause of injury to be actionable.**

Where in violation of a city ordinance making it a misdemeanor for a railroad company to obstruct a street of the town with its freight train for more than three minutes at a time, and a person attempting to cross the cars of the freight train was injured by his foot being caught between the bumpers of the cars when the train started, the violation of the

ordinance by the railroad company is negligence *per se*, but not actionable since not a proximate cause of the injury, and nothing else appearing in an action to recover damages, a motion for judgment as of nonsuit upon the evidence is properly allowed.

2. **Negligence D c—Where there is no evidence of causal connection between negligence and injury a nonsuit is properly granted.**

Whether the violation of an ordinance or statute is a proximate cause of the injury in suit is ordinarily a question for the jury, but where there is no evidence of causal connection between the negligence and the injury it is a question for the court, and in such cases the granting of defendant's motion for judgment as of nonsuit is proper.

3. **Same—Where evidence discloses contributory negligence barring recovery judgment as of nonsuit is proper.**

Where in an action for damages against a railroad company for a negligent personal injury the plaintiff's evidence discloses contributory negligence barring his recovery, the plaintiff has proved himself out of court, and defendant's motion as of nonsuit is properly allowed.

APPEAL by plaintiff from *Grady, J.,* at August Special Term, 1929, of HAYWOOD. Affirmed.

This is an action for actionable negligence, brought by plaintiff against defendants. The action was brought for the alleged wrongful injury to the plaintiff, Preston Hendrix, a boy nearly nineteen years old, who undertook to climb between two box cars of a train of the defendant, on a crossing in Canton, N. C. While the plaintiff was undertaking to climb between the two cars, the train started and the plaintiff got his right foot caught between the draw-head and one of the bumpers of the car and his foot was crushed so that it had to be amputated above the ankle.

Main Street is a principal street and thoroughfare in the town of Canton, N. C. The street runs north and south and the main line and seven switch tracks of the defendant company run east and west, crossing said street.

Section 476 of the Code of the town of Canton is as follows: "That any corporation, conductor, fireman, engineer or other employee of any steam railroad company having tracks running across the public streets of this town, who shall obstruct the same, or prevent the free passage of vehicles and pedestrians longer than three minutes at one time, shall be subject to a penalty of $50 for each and every offense." The defendant was violating this ordinance.

The plaintiff and defendants introduced evidence. The defendant made a motion at the close of plaintiff's evidence and at the close of all the evidence, for judgment as in case of nonsuit. C. S., 567. The court below granted the motion. Plaintiff excepted, assigned error and appealed to the Supreme Court.

*S. M. Robinson and Alley & Alley for plaintiff.*
*Thomas S. Rollins for defendants.*

CLARKSON, J.   The only question presented on this appeal is the correctness of the ruling of the court below in sustaining the defendants' motion for judgment as in case of nonsuit at the close of all the evidence.   Taking the evidence of plaintiff and defendants in the light most favorable to plaintiff, we see no error in the court below sustaining the motion.   It is well settled in this jurisdiction that the violation of a town or city ordinance, or State statute, is negligence *per se,* but the violation must be the proximate cause of the injury.   Ordinarily this is a question for the jury if there is any evidence, but, if there is no evidence that the violation of the ordinance or statute is the proximate cause of the injury, this is for the court to determine.

"What is negligence is a question of law, and when the facts are admitted or established is for the court."   Burdick on Torts, 2d ed., 429; *Hinnant v. Power Co.,* 187 N. C., at p. 293; *Thompson v. R. R.,* 195 N. C., 663.

In *Elder v. R. R.,* 194 N. C., at p. 619, citing numerous authorities, it is held: "Originally, under C. S., 567, in cases calling for its application, there was some question as to whether a plea of contributory negligence (the burden of such issue being on the defendant) could be taken advantage of on a motion to nonsuit, but it is now well settled that such may be done when the contributory negligence of the plaintiff is established by his or her own evidence, as he or she thus proves himself or herself out of court."

There is no evidence to submit an issue of last clear chance.   *Buckner v. R. R.,* 194 N. C., 104; *Redmon v. R. R.,* 195 N. C., 764.

The defendant company, according to the contention of plaintiff, was guilty of a misdemeanor under the town ordinance for obstructing Main Street in the town of Canton for over three minutes.   The plaintiff in attempting to cross between the two cars while standing took chances, and must bear the burden of his folly.   It is a pathetic mishap, which often overtakes youth, and entails suffering sometimes for a lifetime, as in this case.   The humanities are appealing, but we cannot take unjustly from one and give it to another.   For the reasons given, the judgment is

Affirmed.