## STRATTON v. SOUTHERN RY. CO.
### No. 6265.

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1951.

Decided Aug. 10, 1951.

918

Frank H. Kennedy, Charlotte, N. C. (Marcus T. Hickman, Charlotte, N. C., on the brief), for appellant.

John M. Robinson, Charlotte, N. C. (W. T. Joyner, Raleigh, N. C., Hunter M. Jones and John M. Robinson, Jr., Charlotte, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WYCHE, District Judge.

PARKER, Chief Judge.

This is an appeal by plaintiff in a personal injury case from a judgment for defendant entered upon the granting of a motion to dismiss under Fed.Rules Civ.Proc. Rule 41(b), 28 U.S.C.A., at the conclusion of plaintiff's evidence. Plaintiff was injured while crossing between freight cars which were blocking a street crossing in the City of Charlotte. He offered evidence, which was excluded by the court, to the effect that there was a custom of long standing for members of the public to climb between cars which were allowed to block this crossing; and he contends that, in view of this custom, the defendant was guilty of negligence in suddenly moving the cars without signal of any sort and that this negligence was the proximate cause of his injury. The motion to dismiss was granted on the ground that plaintiff had failed to show that defendant was guilty of negligence which was the prox-

imate cause of his injury and that he himself was guilty of contributory negligence. Three questions are presented by the appeal: (1) whether there was error in excluding the evidence offered as to the custom to cross between cars at this crossing; (2) whether there was evidence of negligence on the part of defendant sufficient to take the case to the jury; and (3) whether plaintiff was guilty of contributory negligence which barred him of recovery.

The crossing involved was the Fifth Street crossing in the heart of the City of Charlotte between College and Brevard Streets, only a few blocks from Independence Square. There was evidence that, although an ordinance of the city forbade the blocking of street crossings by cars for more than five minutes at a time, this crossing was often blocked for much longer periods; and the evidence which was excluded was to the effect that for a period of thirty years it had been customary, when the crossing was blocked, for persons to cross between the cars. Plaintiff's place of employment was on Fifth Street a short distance from the crossing. He was returning from lunch with a fellow-employee, when upon reaching the crossing he found it blocked by a long line of cars, which continued to block it for a longer period than allowed by the ordinance. He looked for an engine, but saw none since it was at the end of a long string of cars and could not be seen because of the curving of the track. He testifies that, having no reason to think that the cars were about to be moved, he was following his fellow employee in an effort to cross between them, when, without warning signal or notice of any kind, the cars were suddenly and violently moved and he was thrown to the ground and received serious injuries.

The evidence offered as to the long continued custom on the part of members of the public to cross between cars when they were allowed to block this crossing was clearly competent. If the custom had existed for so long a time that defendant was chargeable with notice thereof, it should not have moved cars be-

tween which persons might be crossing in accordance with the custom, without giving some warning signal to apprise them of the danger. Powers v. Norfolk Southern R. Co., 166 N.C. 599, 82 S.E. 972; Thompson v. Aberdeen & A. R. Co., 149 N.C. 155, 62 S.E. 883; McCall v. Southern Ry. Co., 129 N.C. 298, 40 S.E. 67; Hord v. Southern Ry. Co., 129 N.C. 305, 40 S.E. 69; Baltimore & O. R. Co. v. Papa, 77 U.S.App.D.C. 202, 133 F.2d 413, 415. As said by Chief Justice Groner in the case last cited: "Furthermore, the uncontradicted evidence showed that it was a common practice for pedestrians, prevented from crossing over from one side of the street to the other by the presence of trains, to cross over the trains when at a standstill and that this was done with the consent, either tacit or express, of the employees of the Railroad Company in charge of the trains. Certainly the Railroad Company knew, or should have known, of this established practice. In such circumstances it became the duty of defendant to exercise reasonable care in the operation of the trains to avoid injuring them."

█ And we think it equally clear that, in the light of this evidence, the case was one for the jury on the issue of negligence. The rule applicable is well stated in 44 Am.Jur. pp. 743–744 as follows: "A railroad company which blocks a crossing for an unreasonable time or for a longer time than the law permits has been held to become itself a trespasser, and to be estopped to say that one who attempts to climb over its cars is a trespasser to whom no duty of care is owing, and is liable if those in charge of the train put it into motion without exercising due care to avoid injuring those who may be attempting to cross. In such a case, it becomes a question for the jury whether or not it is negligence for the company's servants to move the train without giving timely warning of their intention to do so, and it is immaterial that they did not have notice that some particular person was in a position of danger. Some cases hold that if the railroad company has been in the habit of obstructing a particular crossing and it has become customary for pedestrians to cross through the train while it stands over the crossing, it is the duty of the railroad to exercise reasonable care to avoid injuring such persons, by giving signals before moving the cars or closing openings in the train, or by giving persons sufficient time to get through safely before putting the cars in motion. Whether such care was exercised or not is generally a jury question."

See also 52 C.J. pp. 198–199; notes: Ann.Cas.1912B pp. 687–688, Ann.Cas. 1916A pp. 511–512; Gesas v. Oregon Short Line R. Co., 33 Utah 156, 93 P. 274, 13 L.R.A.,N.S., 1074 and note; Walker v. Southern Ry. Co., 77 S.C. 161, 57 S.E. 764, 12 Ann.Cas. 591; Spencer v. Baltimore & O. R. Co., 4 Mackey (D.C.) 138, 54 Am.Rep. 269; Lake Erie & W. R. Co. v. Mackey, 53 Ohio St. 370, 41 N.E. 980, 29 L.R.A. 757, 53 Am.St.Rep. 641; Burger v. Missouri Pacific R. Co., 112 Mo. 238, 20 S.W. 439, 34 Am.St.Rep. 379.

█ The rule thus stated is but an application of the well recognized legal principle that he who takes action which may result in injury to another whose presence in a place of danger he has reason to foresee, owes to such other person the duty of exercising reasonable care not to injure him; and we think there can be no doubt that this principle is recognized and applied in the law as laid down by the courts of North Carolina. In Beck v. Southern Ry. Co., 146 N.C. 455, 59 S.E. 1015, it appeared that there was a custom on the part of the railway company's employees, in going to or from work, to go through, under or between cars when they blocked the tracks and that the company knew of this custom. Plaintiff's intestate was killed as a train of cars was suddenly moved, without warning or signal, while he was passing between them pursuant to this custom. The court held that the case was for the jury on the questions of negligence and contributory negligence. On a subsequent appeal, it was held that plaintiff's intestate was guilty of contributory negligence as a matter of law in choosing a dangerous way when a safe one was readily available to him: Beck v. Southern R. Co., 149 N.C. 168, 62 S.E. 883; but this does not detract from the rule laid

down on the first appeal that when the company has notice of a custom to cross between cars, it is negligence to move them suddenly without warning signal or notice.

In Edwards v. Carolina N. W. R. Co., 140 N.C. 49, 52 S.E. 234, the Supreme Court of North Carolina affirmed a judgment for plaintiff whose intestate had been killed while passing between cars at a crossing, when the space which had been left between the cars was closed without warning signal. This case involved the closing of an opening between cars, which is not present in the case at bar, but the duty to anticipate that persons might be passing through such opening is not essentially different from the duty to anticipate that they might be passing between cars blocking the crossing for an unreasonable period of time in accordance with the custom which had long existed and of which it must be presumed to have had notice. The basis for a holding of negligence in either case is the taking of action which the railroad should know was or might be fraught with danger to others without taking reasonable precaution for their safety.

▬▬▬ And we do not think that, under the circumstances of the case, it could be said that recovery should be denied as a matter of law because of contributory negligence. In the first place, whether the plaintiff was guilty of contributory negligence was a question for the jury in view of the evidence that the cars had been standing on the crossing for a longer period of time than allowed by the city ordinance, that it could not be seen from the crossing that an engine was attached to them and that it was customary for persons to pass between cars when the crossing was blocked in this way. Sheridan v. Baltimore & O. R. Co., 101 Md. 50, 60 A. 280; Henderson v. St. Paul & D. R. Co., 52 Minn. 479, 55 N.W. 53; Cherry v. St. Louis & S. F. R. Co., 163 Mo.App. 53, 145 S.W. 837; Lorenzo v. Atlantic Coast Line R. Co., 101 S.C. 409, 85 S.E. 964; Littlejohn v. Richmond & D. R. Co., 45 S.C. 181, 22 S.E. 789; Littlejohn v. Richmond & D. R. Co., 49 S.C. 12, 26 S.E. 967, 2

Am.Neg.Rep. 456; San Antonio & A.P. Ry. Co v. Green, 20 Tex.Civ.App. 5, 49 S.W. 670; Grant v. Baltimore & P. R. Co. 9 D.C. 277, writ of error dismissed 98 U.S. 398, 25 L.Ed. 231. In the second place, even if the plaintiff was guilty of negligence in going between the cars, it was for the jury to say whether the negligence of the defendant in moving the cars suddenly and violently without signal or warning was not the sole proximate cause of his injury, in application of the last clear chance doctrine, in view of the evidence as to the length of time that the cars had been blocking the crossing and the custom of persons to cross between them in such circumstances. Edwards v. Carolina & N. W. R. Co., 140 N.C. 49, 52 S.E. 234; McCall v. Southern Ry. Co., 129 N.C. 298, 40 S.E. 67; Buckner v. Southern Ry. Co., 194 N.C. 104, 138 S.E. 535.

We have carefully considered the case of Hendrix v. Southern Ry. Co., 198 N.C. 142, 150 S.E. 873, upon which defendant chiefly relies; but, while the facts there were very similar to those of the case at bar, we do not think it controlling. The holding there was merely that the blocking of a crossing in violation of an ordinance could not be held the proximate cause of the injury of a plaintiff injured while crossing between cars and that plaintiff's injury was due to his own negligence. In that case plaintiff testified that he expected the cars to move at any time and no consideration was given in the opinion to the evidence of custom on the part of the public to cross between cars when the crossing was blocked for a longer period than allowed by ordinance. The evidence here of such custom we think the matter of supreme importance, since its existence gave rise to the duty on the part of the railroad to give a warning signal before moving the cars so as to avoid injuring persons who might be crossing between them in accordance with the custom.

For the reasons stated, the judgment appealed from will be reversed and the case will be remanded for a new trial.

Reversed.