THOMAS H. FOSTER *v.* NICHOLAS W. WOODFIN and others.

Whenever, by any accident, there has been an omission by the proper officer to record any proceeding of a Court of record, the Court has the power, and it is its duty on the application of any person interested, to have such proceeding recorded as of its proper date; and such amendment should be made, even though the rights of third persons may be affected thereby.

An amendment supplying an omission in the record of a Court differs materially from one made for the purpose of putting into a process, pleading or return, something which was not in it originally; as an amendment for that purpose will not be allowed to the injury of third persons.

Upon a motion to amend a record of a Court, it is not regular or convenient, collaterally to consider what the effect of the amendment will be, or whether the Court had the right to do what it is alleged that it did. These questions must be decided in some proceeding directly for that purpose.

A motion to amend the records of the County Courts which existed prior to the adoption of the present Constitution and the Code of Civil Procedure, in any matter relating to the appointment of an administrator, or qualification of an executor must now be made to the Judge of Probate, and not to the Superior Court of the County.

The case of *Phillipse* v. *Higdon,* Bus. Rep. 380, cited and approved.

This was a motion to amend the record of the County Court of BUNCOMBE, at its January Term, 1860, made before *Henry, J.,* at the last Spring Term of the Superior Court of that County. The facts are sufficiently stated in the opinion of this Court. His Honor allowed the amendment, and the defendants appealed.

*Battle & Sons,* for the defendants.
*Phillips & Merrimon,* for the plaintiff.

RODMAN, J. This was a motion to amend the record of the County Court of Buncombe, of January Term, 1860. The plaintiff says that Thomas Foster died in that county

in December, 1858, leaving a will, in which he appointed one Alexander, and the plaintiff, his executors. The will was proved at January Term, 1859, and Alexander qualified as executor. At the death of the testator, the plaintiff was, and continually since, has been a resident of Tennessee. So far there appears to be no dispute about the facts. The plaintiff further says that at January Term, 1860, he entered into a bond as was supposed to be required by the Revised Code, ch. 46, sec. 12, which was approved and accepted by the Court, and that he then, with the sanction of the Court, qualified as executor, but the clerk of the Court omitted to record those proceedings. The amendment he desires is to put them on the record now as of the Term when they were had. The motion was made before the Judge of the Superior Court for that county, and is brought to this Court by an appeal from his decision.

Whenever, by any accident, there has been an omission by the proper officer to record any proceeding of a Court of record, the Court has the power, and it is its duty on the application of any person interested, to have such proceeding recorded as of its proper date. *Philipse* v. *Higdon*, Bus. 380. Such an amendment differs materially from one for the purpose of putting into a process, pleading, or return, something which was not in it originally. An amendment for that purpose will not, in general, be allowed where the rights of third persons will be affected. But no subsequent dealings by third parties can impair the right of a party to have the record of a past proceeding made to speak the truth as to what was done. A Court cannot admit that any one can acquire a legal right to perpetuate a falsehood on its records, whether it be one of assertion, or of omission only. A material fact may always be proved. The proceedings of a Court not of record may be proved as other similiar facts are. The proceedings of Courts of record can be proved by their records only; this is by reason of the vagueness and uncer-

tainty of parol proof as to such matters, and of the facility which the record affords of proving them with certainty. Public policy and convenience require the rule, and a necessary consequence from it is the absolute and undeniable presumption that the record speaks the truth. This presumption, however, would be inconsistent with justice, if it were held to mean anything more than that the record may not be impeached collaterally. It may always be impeached by a direct proceeding for its amendment. We do not think therefore, that the amendment should be refused in a case like this, on the ground that the rights of third persons will be affected. We do not wish to be understood, however, as denying that the parties to the record by their dealings with third persons may not have made themselves subject to estoppels or other equities which would prevent their taking any advantage from the amendment.

We do not think it regular or convenient upon this motion, collaterally to consider what the effect of the amendment will be, or whether the county Court had the right to do what it is alleged it did. These questions must be decided in some proceeding directly for that purpose. We conceive that in the proper Court the only question on the hearing of this motion will be, whether in fact the alleged proceeding was had in the county Court of Buncombe.

It is objected to the motion, that it should have been made in the Probate Court of Buncombe. On this point, we concur with the defendants. The clerk of the Superior Court is made by the Constitution and C. C. P., a Probate Judge. Section 142, C. C. P., requires the clerks to receive from the clerks of the late county Courts the records of their offices; but they receive and keep that part of the records which relates to matters now within their jurisdiction as probate judge, in that character. One Court cannot alter the records of another; as for example, the Superior Court, the records of the Probate Court; except in the exercise of its

appellate and supervisary power; and in fact not then, although it may compel the inferior Court to make the alteration. An appeal from the Probate Judge, to the Superior Court, of course carries up the whole matter.

The motion is dismissed. Let this opinion be certified.

PER CURIAM.                    Motion dismissed.