HANNAH McDOWELL et als., *v.* W. W. McDOWELL, et als.

*Entry of Judgment—Appeal—Amendment of the Record.*

1. Parties, by consent, may authorize a judgment to be rendered and entered in vacation, but such practice is not to be encouraged.

2. Where such consent is given, and the judge rendered the judgment, but went out of office before it was entered on the minutes by the clerk, a motion at a subsequent term to enter the judgment *nunc pro tunc* will be allowed.

3. The power of a court to amend its records at a subsequent term is essential, and such amendment should not be made by simply noting the order to amend, but it should be actually made by correcting the minutes of the former term.

4. Where an appeal was taken both from the order, allowing the judgment to be entered *nunc pro tunc*, and also from the judgment itself, *it was held*, that the appeal from the judgment would not be considered.

(*Shackelford* v. *Miller*, 91 N. C., 181; *Deloach* v. *Worke*, 3 Hawks, 36; *Grantham* v. *Kennedy*, 91 N. C., 148; *State* v. *King*, 5 Ired., 203; *Jones* v. *Lewis*, 8 Ired., 70; *Foster* v. *Woodfin*, 65 N. C., 29; *Logan* v. *Harris*, 90 N. C., 7; *State* v. *Woodfin*, 85 N. C., 598, cited and approved).

This was a motion to enter judgment *nunc pro tunc* heard before *Graves, Judge,* at Fall Term, 1883, of YANCEY Superior Court.

His Honor granted the motion, and the defendants appealed both from the order allowing the judgment to be entered and from the judgment itself.

The facts appear in the opinion.

No counsel for the plaintiffs.

*Messrs. M. E. Carter* and *Reade, Busbee & Busbee,* for the defendants.

MERRIMON, J.   At the Fall Term, 1881, of the Superior Court of the county of Yancey, the court heard the case upon the exceptions to the report of the referees.   By consent of the parties, the judge took time to consider of the questions raised and argued before him, and to that end it was agreed, that he might give his judgment in another county and that the same should be entered upon the record of that term.

The judge accordingly, in another county, gave judgment for the plaintiffs in writing, signed the same, and sent it to the clerk of the court to be entered in pursuance of the agreement.   But, before the clerk received it, the judge granting it resigned his office and ceased to be judge.

Afterwards, at the term of the court next after the judge signed the judgment, the plaintiffs moved to enter it *nunc pro tunc* as of the Fall term, 1881.   This motion was then entertained by the court and continued until the Fall term, 1883; at that term the defendants resisted, but the court allowed it, and the defendants excepted and appealed to this court.

Although such practice ought not to be encouraged, nevertheless, it was competent, the parties to the action consenting and agreeing, for the Judge to grant the judgment in vacation and in a county other than that in whose court the action was pending. In such case the judgment must be entered as of the term of the court at which the question to be decided, or the matter to be acted upon, was presented to the court, and the day of entry should be noted on the record.

McDOWELL v. McDOWELL.

This practice is upheld upon the ground that the court is at all times open, and hence the Judge has power, by consent of the parties to the action, to grant and enter the judgment out of the regular course. *Shackelford* v. *Miller*, 91 N. C., 181, and the cases there cited.

That the judge who granted the judgment ceased to be a judge after the granting, signing and sending it to be entered, and before the clerk of the court received and entered it, cannot impair its character and legal effect. It is presumed that it was duly rendered in court at the time it was agreed it should be entered and become part of the record in the action, and the consent of the parties operates so as to make that presumption conclusive as to them. Before the judge passed out of office he reached his conclusions, rendered the judgment, and did all that was necessary on his part in that respect. The judgment as signed by him, became a part of the minutes of the proceedings in the action, and the clerk, in pursuance of his order, ought to have entered it upon the book of minutes of the proceedings of the court. Generally, the record in actions is not drawn out in formal and complete order ; it is kept in the minutes of the proceedings of the court, and these are usually treated as the record, but when need be they constitute the authoritative *data* from and by which the formal record may be made up. *Deloach* v. *Worke*, 3 Hawks, 36 ; *Grantham* v. *Kennedy*, 91 N. C., 148.

As the clerk of the court failed to enter the judgment upon the book of minutes, as he ought to have done, the motion to enter it *nunc pro tunc* was an appropriate one, and the court properly allowed it.

The power of the court to allow amendments of its record is essential and cannot be questioned, and it ought to exercise such power when it appears that some action was taken, but no minute of it was entered as ought to have been done ; as when a judgment was granted, but not entered upon the minutes of the court proceedings at a former term. And an amendment should not be made by simply noting the order to amend, but it should be

actually made by turning back to the minutes of the former term and making the proper correction and entry there, so that the entry will stand and be read as if no amendment or correction had ever been necessary. *State* v. *King*, 5 Ired., 203; *Jones* v. *Lewis*, 8 Ired., 70; *Foster* v. *Woodfin*, 65 N. C., 29.

The appellants seem to have intended to appeal from the order of the court allowing the judgment to be entered *nunc pro tunc*, and as well from the judgment it was proposed to so enter. This is not orderly procedure. Indeed, there was no judgment or order entered from which they could appeal, except the order allowing and directing the entry of the judgment, and that order was vacated by the appeal. The judgment or order appealed from must appear in the record. This court acts upon what is in and of it, not what the court making intended, but by mistake, inadvertence or other cause failed to put in it. *Logan* v. *Harris*, 90 N. C., 7; *State* v. *Woodfin*, 85 N. C., 598.

When the judgment shall be entered, the appellants, if they shall then be dissatisfied with it, may thereafter, by some appropriate proceeding, have it reviewed in this court. The present appeal, in this respect, was improvidently taken and must be dismissed.

There is no error in the order allowing the judgment to be entered *nunc pro tunc*.

To the end that further proceeding may be had in the action, let this opinion be certified to the Superior Court according to law.

No error.                                                        Affirmed.