W. M. POWELL, Administrator of James E. Powell, v. THE SOUTHERN RAILWAY COMPANY.

(Decided December 5, 1899.)

*Motion to Nonsuit—Evidence—Negligence—Contributory Negligence.*

1. If there is any evidence, which in any reasonable aspect would support the verdict, it must go to the jury.
2. On motion to nonsuit for want of evidence, only the evidence favorable to the plaintiff must be considered, and that in the light most favorable to him.
3. Contributory negligence being an affirmative defense, can not be considered on a motion to nonsuit.

CIVIL ACTION for injuries resulting in the death of intestate, James E. Powell, alleged to have been caused by negligence of defendant, tried before *Bowman, J.,* and a jury, at Fall Term, 1899, of the Superior Court of BURKE County.

The defendant denied the allegations of negligence, and alleged contributory negligence.

At the close of plaintiff's evidence, the defendant moved to nonsuit the plaintiff.

Motion refused, defendant excepted.

At the close of defendant's evidence, the motion to nonsuit was renewed, and was again refused. Defendant excepted.

*Issues.*

1. Was the plaintiff's intestate killed by the negligence of the defendant? Answer. "Yes."

2. Did plaintiff's intestate, by his own negligence, contribute to his death, as alleged in the answer? Answer. "Yes."

3. If plaintiff's intestate, by his own negligence, contributed to his killing, could the defendant, notwithstanding the negligence of said intestate, have prevented the killing of said intestate by the exercise of care on its part? Answer. "Yes."

4. What damage, if any, is plaintiff entitled to recover? Answer. "$700."

There was no exception to the evidence or the charge.

An epitome of the evidence is contained in the opinion.

Judgment was rendered for plaintiff, and defendant appealed.

*Mr. G. F. Bason,* for appellant.
*Messrs. Avery & Ervin,* and *W. S. Pearson,* for appellee.

CLARK, J. There is no exception to evidence or the charge. The sole exception is that the Court refused the defendant's motion to withdraw the case from the jury, on

the ground that there was no evidence. As the Constitution guarantees the right of trial by a jury of disputed issues of fact, if there is any evidence which in any reasonable aspect would support the verdict, the cause must be submitted to the triers of fact, subject to the discretion of the Judge to set the verdict aside, if in his opinion not justified by the evidence. *Dunn v. Railroad*, 124 N. C., 252; *Cox v. Railroad*, 123 N. C., 606; *Fulp v. Railroad*, 120 N. C., 525; *State v. Green*, 117 N. C., 695; *State v. Kiger*, 115 N. C., 746, 751.

In considering a motion to take a cause away from the jury upon the ground that there is no evidence, only the evidence favorable to the plaintiff must be considered, and that in the light most favorable to him. *Purnell v. Railroad*, 122 N. C., 832. The defendant contends:

1. That there was no evidence that the plaintiff's intestate was killed by defendant's train.

There was no eye witness who saw the killing, but it was in evidence that the deceased was seen at a store near the defendant's depot in Morganton at 9 o'clock at night, and again at 5 minutes past 12, and the next morning he was found lying dead 300 yards east of the depot and between it and Campbell's crossing and about 100 yards from the latter. The deceased was lying on his back and there was blood on the grass and weeds. His head was lying east, his feet west about three or four feet from the end of the cross ties. His clothing had dust on them; he had a wound on the back of his head; his skull was crushed; wounds sufficient to cause death; fingers of right hand torn, and right shoulder bruised. His hat was found between the cross ties, and had grease on it, and looked like it had been run over by the wheel. There was no sign of scuffling on the ground. The intestate's usual way home was along the railroad track from the depot to Campbell's crossing. When seen that night at 9 o'clock

near the depot, he was thought to be sober, but had had a dram; he drank whiskey, and was in the habit of getting drunk. The defendant's freight train passed that night between one and two o'clock going east.

Certainly there was more than a scintilla of evidence going to show that the deceased was knocked off the track and killed by the train, and the determination of the fact was properly left to the jury.

2. The defendant contends there was no evidence of negligence.

It was in evidence that it was a moonlight night when the deceased was killed; that the freight train which passed going east between one and two o'clock that night was a heavy train running twenty-five to thirty-five miles an hour; that the engineer on said train neither sounded the whistle for the station which was 300 yards west of the spot where the deceased was killed, nor for Campbell's crossing, which was one hundred or more yards east of the point, nor for the other (the tannery) crossing, in the town, within the corporate limits of which the deceased was killed, it being stated that he never sounded it at all; that the said town has a population of twenty-five hundred or three thousand; that the bulk of a man could have been discerned 200 yards away at 2 o'clock that night; that no other east-bound train passed that night; that it was probable that the light of the headlight would light up the point where the intestate was struck, so that the engineer on the right side of the engine might, with a proper lookout, have seen the man who was sitting or lying down on the right side edge of the track, judging from his being found on that side. There was evidence in rebuttal of part of the above, but upon the conflict of evidence the jury are to decide. Upon the above, there was sufficient evidence to submit the case to the jury upon the issue as to negligence.

In *Fulp v. Railroad, supra,* which much resembles this

case, in that the man was killed on the track (as the verdict here finds) at night, it was held that the failure to sound the whistle at the public crossing was negligence. Here, according to the plaintiff's evidence, there was a failure to sound the whistle at the station, and likewise at the two public crossings, all of which were in an incorporated town. There are many other cases holding that it is negligence not to sound the whistle or ring the bell at public crossings, among them, *Cox v. Railroad, supra; Willis v. Railroad,* 122 N. C., 905; *Randall v. Railroad,* 104 N. C., 410, 416; *Gilmore v. Railroad,* 115 N. C., 660; *Russell v. Railroad,* 118 N. C., 1098; *Hinkle v. Railroad,* 109 N. C., 472. There was also evidence tending to show that the engineer with a proper lookout might have seen the deceased. The fact that the engineer, sitting on the right hand side of the cab on a moonlight night, did not know till two days thereafter that his engine had knocked a man off on that side of the track (as the verdict finds), is itself some evidence to be considered upon the question whether there was a negligent lookout, especially taken in connection with the plaintiff's evidence that the train was running from twenty-five to thirty-five miles an hour at night, and sounding no whistles at public crossings.

Contributory negligence being an affirmative defense can not be considered on a motion to nonsuit. *Cogdell v. Railroad,* 124 N. C., 302. Indeed, as already said, only the evidence of the plaintiff, and that in the light most favorable to him, can be considered, see cases collected on that point in *Cox v. Railroad, supra.* The evidence to show contributory negligence and to negative negligence of the plaintiff must have all been admitted and the case submitted to the jury with instructions satisfactory to the defendant as there is no exception to the charge, nor for admission or rejection of evidence.

Affirmed.