## CARTER v. RAILROAD CO.

(Filed May 24, 1904).

1. CONTRIBUTORY NEGLIGENCE—*Railroads*.

   One walking or sitting or lying down on a railroad track is guilty of contributory negligence.

2. NEGLIGENCE—*Nonsuit—Sufficiency of Evidence*.

   In this action to recover damages for the death of the intestate, the evidence of negligence by the railroad is sufficient to be submitted to the jury.

3. NEGLIGENCE—*Contributory Negligence—"Last Clear Chance."*

   Where the evidence tends to show that the intestate was helpless on the railroad track and could have been seen in time to stop the train, the plaintiff may recover for the death of the intestate on the ground of the "last clear chance."

ACTION by W. W. Carter, administrator of G. Carrigan, against the Southern Railway Company, heard by *Judge W. R. Allen*, at November Term, 1903, of the Superior Court of IREDELL County. From a judgment for the plaintiff, the defendant appealed.

*Armfield & Turner* and *J. F. Gamble*, for the plaintiff.
*L. C. Caldwell*, for the defendant.

MONTGOMERY, J.   All of the exceptions of the defendant may be considered under the one to the refusal of the Court below to dismiss the action on the motion of the defendant to have the plaintiff nonsuited because there was no evidence tending to show negligence on the part of the defendant in the killing of the plaintiff's intestate.   There was evidence going to show that the intestate was found dead lying right along the side of the railroad track; that blood and flesh and human hair were seen on the track between the rails a few steps from the intestate's body; that one arm and one foot were cut off, the forehead mashed and the scalp torn off, and that the clothing around the middle of the body was stripped off; and besides, that the intestate was intoxicated.   The engineer in charge of the engine at the time the intestate was killed testified that he was sitting straight up in the cab, looking ahead through the front window, that the first thing he observed was "a bulk of something rolling into the ditch beside the track."

We are of the opinion that the evidence which we have recited tended to show that the intestate was killed while he was down and helpless upon the track.   The evidence of the severed arm and leg went to show that he was run over by the engine, and the engineer's testimony corroborated that view, for, as he said, he was looking straight ahead and did not see the man standing or walking upon the track.   Of course the intestate was guilty of contributory negligence, whether he was walking or sitting or lying down on the railroad track when he was killed.   *Upton v. Railroad,* 128 N. C., 173, and this Court there said: "The intestate having been negligent, before a recovery can be had against the defendant on the ground of its negligence in not availing itself of the 'last clear chance,' it must be shown by the plaintiff by proper evidence, not simply that the intestate was on the track in the way of the engine, but that he was there apparently

asleep or in other helpless condition, and that the engineer had discovered his condition, or, by keeping a reasonable watchout could have discovered it in time to have prevented the injury, and that after he had discovered it or could by proper watchfulness have had reasonable grounds that such was the condition of the intestate, he failed to use all available means to prevent the injury."

As we have said, the evidence tended to show that the intestate was down upon the track; and there was further evidence for the plaintiff going to show that the intestate could have been seen by the engineer, if he had been looking, a distance of one hundred and fifty yards and in time to have stopped the train and prevented the injury. There was a good deal of evidence to the contrary, but all of it had to be submitted to the jury. In Upton's case, *supra,* the appearance of the body did not indicate that the intestate had been run over by the train, but on the contrary that he was in a sitting position on the end of a cross-tie with his face from the track. There was no error in the course of the trial and the judgment must be

Affirmed.