RICHARD THOMPSON, Administrator, v. ABERDEEN & ASHE-
BORO R. R. CO.

(Filed 19 November, 1908).

1. **Evidence—Nonsuit—Questions for Jury.**
    In an action for damages alleged to have arisen from a wrongful death, if there is any evidence tending to show that the death was the result of defendant's negligence, it should be submitted to the jury, and a motion as of nonsuit upon the evidence disallowed.

2. **Railroads — Negligence — Death by Wrongful Act — Evidence — Questions for Jury.**
    In an action for damages claimed for a wrongful death owing to defendant's negligence, evidence should be submitted to the jury which tends to show, that on a dark night, about half an hour after plaintiff's intestate was seen at defendant's station, defendant's train came by at high speed, without headlights, and gave no warning or signals, at the proper places, which would indicate to plaintiff's intestate its approach; that, when last seen, plaintiff was drinking and eating peanuts, and was found at

daylight the next morning in a dying condition, with injuries indicating that he had been struck by defendant's train, and with indications on his clothes, and on the ground near him, that, at or shortly before the time he was injured, he was eating peanuts.

### 3. Same—Dangerous Surroundings.

In a suit for damages alleged to have arisen from the negligent killing of plaintiff's intestate by the defendant railroad company's train, running fast without a headlight, and without having given signals of approach, in its yards at a station, on a dark night, it was error in the trial Judge to exclude evidence offered for the purpose of showing that the place of its occurrence was in the corporate limits of a town, and used as a walkway with defendant's knowledge.

ACTION tried before Webb, J., and a jury, July Term, 1908, of RANDOLPH. Plaintiff appealed.

*Morehead & Sapp* and *C. D. B. Reynolds* for plaintiff.
*W. J. Adams, J. T. Brittain, J. A. Spence* and *Adams, Jerome & Armfield* for defendant.

CLARK, C. J. Appeal from a nonsuit in an action for wrongful death. The evidence must be taken in the most favorable light for the appellant and with the most favorable inferences the jury would be authorized to draw from it. *Powell v. R. R.*, 125 N. C., 372, and cases there cited. If there was any evidence tending to show that the death of the intestate was the result of the negligence of the defendant, it should have been submitted to the jury.

There was evidence that the plaintiff's intestate was seen at the defendant's station at Star about 9 o'clock at night, drinking, and eating peanuts; that a half hour thereafter, a mixed train of the defendant came from the North, running at a high speed—thirty or forty miles an hour—with no headlight; that it was a dark night; that the engine gave no signals, before or after crossing a country road near the corporate limits, nor at a crossing a few hundred yards further north; that about daylight the next morning the deceased was found in a dying condition, forty yards south of the crossing,

in the corporate limits, with his head crushed, between the
ends of the cross-ties, his hat torn, cut and greasy near him;
that his clothes were bloody on one side, and blood was on the
ground between ends of ties, and evidence on his clothes and
on the ground near him, that he was eating peanuts at the
time he was killed, or shortly before; that his skull was driven
in, and there were cuts and bruises on other parts of his body.

The defendant was negligent in operating a train at night
without a headlight. *Willis v. R. R.,* 122 N. C., 909. The
evidence was sufficient to authorize a finding that the deceased
was killed by the defendant's train. The uncontradicted
testimony was that the defendant was operating its train, at
a high speed, on a dark night without a headlight, within the
boundaries of an incorporated town, without giving any sig-
nals of its approach. The evidence is almost identical with
that in *Powell v. R. R.,* 125 N. C., 372, which was held
sufficient to support a verdict for the plaintiff. Besides, the
authorities cited in that case, *Powell v. R. R.,* has itself been
cited and approved since then in several cases, among them
*Hord v. R. R.,* 129 N. C., 307; *Clegg v. R. R.,* 132 N. C.,
294; *Butts v. R. R.,* 133 N. C., 83. There was sufficient
evidence to entitle the plaintiff to his constitutional right to
have it passed on by the jury.

As the case goes back, the defendant can, if it chooses,
have the circumstances explained by its engineer. If neither
the engineer nor fireman saw the man when he was struck,
there was negligence (*Arrowood v. R. R.,* 126 N. C., 629)
in not keeping a proper lookout, unless they were prevented
from seeing by the negligence of the defendant in not fur-
nishing a headlight, should the jury find that there was no
headlight which, as the evidence now stands, is uncontra-
dicted.

We think it was also error to exclude the evidence offered
to prove that the defendant's track within the town limits

was habitually used as a walkway, which, counsel stated, would, if admitted, have been followed by proof that this fact was well known to the defendant.

The judgment of nonsuit is set aside.

Reversed.