Civil action to recover damages for injury caused by alleged negligence on the part of defendant company. The jury rendered the following verdict:
"1. Was the plaintiff injured by the negligence of the defendant? Answer: Yes.
"2. Did the plaintiff contribute to his injury by his own negligence? Answer: Yes. *Page 479 
"3. Notwithstanding the negligence of the plaintiff, could defendants, by the exercise of ordinary care, have avoided the injury? Answer: Yes.
"4. What damages, if any, is plaintiff entitled to recover? Answer: $500."
Judgment on the verdict, and defendant excepted and appealed.
There was evidence on the part of plaintiff tending to show that in October, 1908, plaintiff was walking along the railroad track, where pedestrians were accustomed to use the same because it shortened the distance for persons going in that direction, and becoming faint, he started off the track, sat down on the end of a cross-tie, became unconscious, and when in this condition was struck by (608) a passing train and his arm crushed so that it had to be amputated, "from the shoulder"; that it was a bright, sunshiny day, and at the point where the injury occurred the track, in the direction from which the train was approaching, was straight for 495 feet, and the plaintiff, in the position he then was, could have been seen for that distance and the injury prevented by the exercise of proper care on the part of defendant's employees in charge of the train. The evidence of the defendant tended to show that plaintiff was seen and his presence and condition noted just as the engine came around the curve and that everything possible was then done to stop the train.
Under a charge, which is in substantial accord with our decisions, applicable to the case presented, notably Arrowood v. R. R., 126 N.C. 629;Pickett v. R. R., 117 N.C. 616; Sawyer v. R. R., 145 N.C. 24, the jury have accepted the plaintiff's version of the occurrence, and in that view a good cause of action has been clearly established. On careful consideration we find in the record
No error.
Cited: Exum v. R. R., ante, 419; Holman v. R. R., 159 N.C. 46; Smithv. R. R., 162 N.C. 36; Shepherd v. R. R., 163 N.C. 521; McNeill v. R.R., 167 N.C. 400. *Page 480