LUVENIA HOLMAN, ADMINISTRATRIX, v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 10 April, 1912.)

**Railroads—Negligence—Persons Drunk on Track—Admissions in Pleadings—Evidence—Questions for Jury.**

In an action for the negligent killing of plaintiff's intestate by defendant railroad company, a motion for nonsuit should be denied when the defendant's answer alleges that the intestate was lying drunk upon the track when struck and killed, and the evidence tends to show that he should have been seen by defendant's engineer and fireman in time to have avoided the killing; that had the speed of the train been within that allowed by the town ordinance the train could have been stopped in time; that the train was running through a populous part of a town and where pedestrians were accustomed to walk upon the track, especially Saturday and Sunday nights, and that the intestate was killed on Saturday night.

APPEAL by plaintiff from *O. H. Allen, J.,* at October Term, 1912, of DURHAM.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Manning & Everett for plaintiff.*
*Guthrie & Guthrie for defendant.*

CLARK, C. J. This was an action for wrongful death. The plaintiff appealed from a judgment of nonsuit. The evidence tended to prove that plaintiff's intestate was killed shortly after

9 o'clock at night in the corporate limits of Durham, and his body was found lying on the east side of the defendant's track, partly on the ends of the cross-ties and with his skull fractured. He was unconscious when found, and died soon after. The defendant's passenger train from Lynchburg passed about 9 o'clock, running about 30 miles an hour, which was greatly in excess of the speed limit (8 miles) permitted by the ordinances of the city. The railroad track was down grade and curved to the left going into Durham, but the sharpest part of the curve was some distance beyond where the body of the deceased was found. The skull was fractured just above the left ear. The railroad track had been used for many years by the public generally as a walkway, and especially by the operatives in the mill going and returning from work. The place was in the city limits and in a populous community. A man lying on the track or sitting on the end of a cross-tie at the point where the plaintiff's body was found could be seen under the headlight of the engine 125 yards and the defendant's train that night could have been stopped within that distance from the spot, if running at the rate of not over 8 miles per hour, the speed allowed by the ordinance. The evidence for the plaintiff showed that, though there is a street crossing a short distance south of the spot where the body was found, no bell was rung or whistle sounded; that the place was within the corporate limits, and the train was moving about 30 miles an hour.

The defendant's answer, which was offered in evidence, averred that the deceased entered on defendant's track while drunk and in an intoxicated condition and substantially admits that the deceased was killed by the engine.

The above evidence taken in the most favorable light for the plaintiff, as must be done on a nonsuit (*Cotton v. R. R.,* 149 N. C., 229), tended to establish the admission by defendant that plaintiff's intestate was drunk and intoxicated and was on the track when struck and killed by defendant's train; that he could and ought to have been seen by the engineer or fireman on the train in time to have prevented killing the deceased, especially if the train had been running within the speed permitted by the city ordinance; that the train was running at a speed very

much faster than that permitted by the ordinance; that the defendant's track at that place had been used for many years as a walkway by the public, especially Saturday nights and Sundays; that the deceased was killed on Saturday night; that the place of the accident was within the city limits and in a populous community, and that no bell was rung or whistle sounded nearer than half a mile.

Upon the above evidence the case should have been submitted to the jury. · *Pickett v. R. R.,* 117 N. C., 637; *Clark v. R. R.,* 109 N. C., 446; *Fulp v. R. R.,* 120 N. C., 525; *Cox v. R. R.,* 123 N. C., 604; *Powell v. R. R.,* 125 N. C., 370; *Whitesides v. R. R.,* 128 N. C., 229.

In *Snipes v. R. R.,* 152 N. C., 42, the Court says: "It is well established that the employees of a railroad company in operating its trains are required to keep a careful and continuous outlook along the track and the company is responsible for injuries resulting as the proximate consequence of their negligence in the performance of their duty." To same effect are *Arrowood v. R. R.,* 126 N. C., 629; *Lea v. R. R.,* 129 N. C., 459; *Bessent v. R. R.,* 133 N. C., 934; *Stewart v. R. R.,* 136 N. C., 389; *Sawyer v. R. R.,* 145 N. C., 29; *Edge v. R. R.,* 153 N. C., 214-217; *Guilford v. R. R.,* 154 N. C., 607.

Upon the authorities cited the judgment of nonsuit must be Reversed.