E. R. DALLAGO v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 8 April, 1914.)

1. Clerks of Court—Executors and Administrators—Appointment—Incomplete Letters.

Upon application for letters of administration, which is not required to be in writing, the clerk is authorized to ascertain the jurisdictional facts empowering him to act, by affidavit or otherwise (Rev., sec. 26) ; and his passing upon the question of issuing the letters is a judicial act, while the making up of the record is a ministerial one, furnishing evidence of the appointment.

2. Same—Courts—Orders Nunc Pro Tunc.

Where the court has appointed an administrator, but has failed to fill out the blank spaces left in the printed forms of the letter, and the applicant has in all respects conformed to the law as to the matters required of him, it is proper for the court, in an action brought by such administrator, to permit the clerk to fill out the spaces as of the date of the appointment.

DALLAGO v. R. R.

3. Railroads—Trials—Negligence—Evidence—Nonsuit.

> In an action by an administrator to recover of a railroad damages for the negligent killing of his intestate, a child two or three years of age, and there was evidence tending to show that the intestate was upon the defendant's track, on a clear day, where the track was straight, and the employees on the train were not keeping a lookout along the track, a judgment as of nonsuit upon the evidence will be denied, for it was for the jury to determine whether the defendant's employees were negligent in not seeing the danger to the child and stopping the train in time to have avoided the killing.

APPEAL by defendant from *Rountree, J.,* at September Term, 1913, of PENDER.

This is an action by E. R. Dallago, administrator of William Dallago, to recover damages for the negligent killing of his intestate.

The defendant in its answer denies that the plaintiff is administrator, and also denies the allegation of negligence.

It appears that the plaintiff signed an application in blank for letters of administration; that he and a surety signed a bond payable to the State, which was in blank; that the clerk signed letters of administration in blank; and that the plaintiff took the oath as administrator, and subscribed an oath in blank, and the surety justified to the bond.

The clerk testified that he issued letters to the plaintiff, who did all that was required of him, and that he expected to fill out the papers, and neglected it.

The court permitted the clerk to fill out the papers, and to make the record of the appointment of the plaintiff *nunc pro tunc,* and the defendant excepted.

There was evidence tending to prove that the intestate was a little child two or three years of age; that he was on the defendant's track when he was run over and killed by a train of the defendant; that the killing was on a clear day; that the track was straight for several miles, and that the employees on the train were not keeping a lookout along the track. There was also evidence to the contrary.

The defendant moved for judgment of nonsuit, which was refused, and the defendant excepted.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*E. K. Bryan for plaintiff.*

*Davis & Davis, J. T. Bland, and K. O. Burgwyn for defendant.*

ALLEN, J. The statute does not require applications for letters of administration to be in writing, and the clerk is authorized to ascertain the jurisdictional facts, empowering him to act, *by affidavit or otherwise.* Rev., sec. 26.

Before letters are issued the applicant must take and subscribe an oath before the clerk and must give the required bond. Rev., sec. 29.

The provisions of the statute were performed so far as the plaintiff is concerned. He made the application, he was sworn and subscribed an oath, he filed a bond with surety, who was examined under oath, and the clerk signed the letters of administration. The only irregularity is the failure of the clerk to fill out the blank places in the different papers.

The clerk says he issued letters to the plaintiff, which statement, when read in connection with the evidence, can only mean that he made the appointment, but failed to make a complete record of it. The appointment by the clerk is the judicial act, and making the record is ministerial (19 A. and E. Enc. L., 1st Ed., 205). The first confers the authority, and the other furnishes evidence of it.

In *Spencer v. Cahoon,* 15 N. C., 226, there was an order of appointment, but no bond was filed, and the appointment was held valid; and upon a second appeal in the same case, reported in 18 N. C., 28, this ruling was adhered to, the Court saying: "It (the record) does not state that the oaths of office were taken, it is true; and for that reason, and because the bond turns out to be defective, the administration might probably be repealed as obtained irregularly and by surprise. But no other

court can declare it void, for it was granted by the competent court, and must be respected until revoked, although committed without taking bond or administering oaths."

This case was affirmed in *Davis v. Lanier,* 57 N. C., 310, and in *Jones v. Gordon,* 55 N. C., 354.

These authorities establish the proposition that when an appointment has been made and entered of record, irregularities in taking bond, and in the performance of other duties required of the clerk, do not invalidate the appointment, and it is equally well settled that whenever, by accident or neglect, there has been an omission to record any proceeding or order of a court, the court has the power to have the proceeding or order entered as of its proper date. *Foster v. Woodfin,* 65 N. C., 30; *McDowell v. McDowell,* 92 N. C., 227.

In the first of these cases the Court says: "Whenever, by any accident, there has been an omission by the proper officer to record any proceeding of a court of record, the court has the power, and it is its duty on the application of any person interested, to have such proceeding recorded as of its proper date. *Philips v. Higdon,* Bus., 380." And in the second: "The power of the court to allow amendments of its record is essential, and cannot be questioned, and it ought to exercise such power when it appears that some action was taken, but no minute of it was entered as ought to have been done, as when a judgment was granted, but not entered upon the minutes of the court proceedings at a former term. And an amendment should not be made by simply noting the order to amend, but it should be actually made by turning back to the minutes of the former term and making the proper correction and entry there, so that the entry will stand and be read as if no amendment or correction had ever been necessary. *S. v. King,* 5 Ired., 203; *Jones v. Lewis,* 8 Ired., 70; *Foster v. Woodfin,* 65 N. C., 29."

We are therefore of opinion, as it appears that the clerk appointed the plaintiff administrator, but failed to make proper record of his action, that he had the power to complete the record thereafter, as of the date of his judicial act, and that having done so, there is no error in holding that the plaintiff is entitled to maintain this action.

TATE *v.* MIRROR CO.

The motion for judgment of nonsuit was properly denied.

The age of the child made him helpless. He was killed on a straight track on a clear day, and there is evidence that the employees on the train were not keeping a lookout.

The jury had the right to infer from these facts and the evidence that no proper lookout was maintained, and that by the exercise of ordinary care the child could have been discovered in its helpless condition in time to stop the train and avoid the killing; and if so, the defendant was negligent.

No error.