MAJOR POWERS v. NORFOLK SOUTHERN RAILROAD
COMPANY.

(Filed 30 September, 1914.)

1. Railroads — Public Crossings — Signals—Pedestrian Away from
   Crossings—Usages—Negligence—Evidence—Headlights.

   Where a pedestrian is injured by a railroad train while walk-
   ing upon its track away from a public crossing, evidence is com-
   petent tending to show that pedestrians habitually used the
   track at this place; and where the evidence further tends to
   show the proximity of a crossing where signals are required to
   be given by the company, and that if they had been given on the
   occasion complained of the injury would not have been inflicted,
   such evidence is competent on the issue of defendant's negli-
   gence, relating to the question of whether the defendant was
   carefully operating its train and giving the signals required.

2. Railroads—Headlights—Negligence Per Se—Statutes—Criminal
   Law.

   Running a locomotive on the main line, at night, without a
   headlight is an indictable offense (Laws 1909, ch. 446), and
   hence negligence *per se*.

APPEAL by defendant from *Ferguson, J.,* at January Term,
1914, of CURRITUCK.

*Aydlett & Simpson for. plaintiff.*
*J. Kenyon Wilson for defendant.*

CLARK, C. J. This is an action for personal injuries. The
plaintiff was struck by a train coming from behind him while
on the defendant's track about 200 yards from Moyock station
on the night of 4 February, 1912. There was a crossing at the
station about 200 yards south and another about 300 yards north
of the place of this occurrence. There was a curve between these
crossings, and the plaintiff was at the southern end of it. He
had returned from Norfolk on the afternoon train and was
drinking but not drunk. It was cold, snowy, and the wind was
blowing. The defendant was running its freight train around
the curve some 25 or 30 miles an hour. There was evidence that
the train was running without a headlight and without blowing

the whistle for either crossing. The engineer and conductor testified that the whistle was blown and the headlight was burning.

The evidence that the track was habitually used by pedestrians was competent. *McCall v. R. R.,* 129 N. C., 298; *Hord v. R. R., ib.,* 306, and see citations to these cases in the Anno. Ed.; *Thompson v. R. R.,* 149 N. C., 157.

There are many exceptions to the charge, but the appeal practically depends upon the correctness of the following paragraphs and the refusal of the instructions to the contrary:

"If the plaintiff was on the road of the defendant at a place other than the crossing, the defendant didn't owe him the duty of sounding the whistle at the crossing, because that requirement is for the protection of people who are traveling along the highway, and have as much right as the railroad company had to the use of the crossing. They have a right to cross the track, and if nothing else appeared, the plaintiff would not be entitled to recover. But the plaintiff says that not only did they not ring the bell or sound the whistle at the crossing, which if sounded would have given him warning, but that it had no headlight on its engine.

"(1) If the defendant was running its train without a headlight it was guilty of negligence towards the plaintiff, and if he was injured in consequence, if he was exercising the care of a reasonably prudent man, the defendant would be responsible for the injury which he sustained (2)."

To that part of the charge between the figures (1) and (2) above the defendant excepted.

"But if he could have heard the car or engine of the defendant's train approaching him, and remained on the track when he could have gotten off of it, he would not be entitled to recover. That raises the question of contributory negligence and damages.

"But if you fail to find by the greater weight of the evidence that the defendant failed to have a headlight, or if the evidence preponderates in favor of the defendant that it had a headlight, an improved pattern, which was throwing light along the road in the customary way, and the plaintiff did not take heed of the

light, and was run over and injured, .it would be an accident, and the plaintiff would not be entitled to recover. The plaintiff argues that if there had been a headlight on the train he could have seen the light. If he had seen the light, the law presumes that .a man walking on the track in normal condition would get .off the track and the engineer is not required to slow up his train, thinking that the man would get off the track, unless he thinks that the man has failed to notice his train; then it is his .duty to stop his train if he can. If you find that the defendant had its headlight burning on the train, which threw the light so that the plaintiff might have seen it if he had been looking, it was his duty to keep a lookout and listen, and if he failed to do so, it would not be the negligence of the defendant and it would be your duty to answer the first issue 'No.'

"(5) If you should find from the evidence by its greater weight that the train was being operated without a headlight, that is negligence, and if you should find that as a sequence of that negligence the plaintiff received his injury, you would answer the first issue 'Yes' (6)."

To that portion of the charge between the figures (5) and (6) above the defendant excepted.

These propositions have been repeatedly before this Court and have been well settled. In *Morrow v. R. R.,* 147 N. C., 623, it was held that the failure to give the crossing signals at a public .crossing, while not negligence *per se* when the injury complained of occurred to a pedestrian while using the track at a different place, it is evidence of negligence and should be submitted to the jury on the question of negligence as to whether the train was carefully operated 'at the time of the injury or whether proper warnings were given in reasonable time to avoid it.

Running a train at night without a headlight is a continuing negligence. *Lloyd v. R. R.,* 118 N. C., 1010; *Mayes v. R. R.,* 119 N. C., 758; *Mesic v. R. R.,* 120 N. C., 491, and *Willis v. R. R.,* 122 N. C., 905.

The Legislature has adopted that rule by making the failure to carry a headlight negligence *per se.* By chapter 446, 1909, 3 Pell's Rev., 2617*a,* all railroads were required to carry elec-

tric headlights upon their locomotives on their main line, as this was, and by 3 Pell's Rev., 3753*a,* a violation of that requirement is made a misdemeanor. This Court has always held that any act of a common carrier which is a violation of law is negligence *per se.* It is true that at the time of this injury, under proviso in the statute the defendant could have defended an indictment by showing that one-half of its engines were thus equipped. But this being in a proviso, is a matter of defense, which the defendant must allege and prove, even in a criminal case. *S. v. Downs,* 116 N. C., 1067, and cases there cited and in many cases since citing it. See Anno. Ed. Still more is it necessary for the defendant in a civil case to prove such defense to rebut its negligence *per se.* The jury having found that the defendant did not carry any headlight, found of course that it did not carry an electric headlight. The charge, therefore, was even more favorable to the defendant than he was entitled to.

The charge between (1) and (2) required the plaintiff to be in the exercise of reasonable care.

The charge between (5) and (6), that the operation of the engine without a headlight was negligence, was restricted by the judge to the first issue and was necessarily correct, since the act was an indictable offense. The rest of the charge was not objectionable, and expressly instructed the jury that the plaintiff was guilty of contributory negligence if he was not exercising reasonable care to avoid the injury.

No error.