ELIZA BARNES, ADMINISTRATRIX, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 31 March, 1915.)

1. **Railroads — Negligence — Pedestrians — Helpless Condition—Trials—Evidence—Questions of Jury.**

   In an action against a railroad company to recover for the wrongful death of plaintiff's intestate (Revisal, sec. 59), there was evidence that the intestate was last seen, intoxicated, going towards his home on the defendant's railroad track, on a bright moonlight night, and that the defendant's train thereafter passed going the same direction, with its engine equipped with an old-fashioned headlight and without ringing the bell or giving other warning of its approach, though its track at that place was through a populous portion of a town and customarily used by

BARNES *v.* R. R.

pedestrians; that from the injuries to the body of the deceased, etc., and from flesh and blood along the track, the body had been rolled along under the train across a 40-foot trestle, the severed head being at one end of the trestle and the body at the other end, and articles he had been carrying home being strewn along the side of the track; that the engine was equipped with a V-shaped cowcatcher, the bottom of which was about 8 inches from the ground: *Held,* evidence sufficient to be submitted to the jury upon the question of whether the intestate at the time he was killed was down and helpless upon the track, and the actionable negligence of the defendant's engineer in not seeing him in time to have avoided killing him in the exercise of proper care.

2. Railroads — Electric Headlights—Negligence—Pleadings—Trials—Burden of Proof—Interpretation of Statutes.

It is negligence for a railroad company not to equip its locomotives with electric headlights (Pell's Revisal, sec. 2617, a), with the burden on the company to plead and prove that it had one in use at the time complained of or that its use was excepted by the statute, when relevant to the inquiry.

APPEAL by defendant from *Allen, J.,* at November Term, 1914, of COLUMBUS.

*Irvin B. Tucker and H. L. Lyon for plaintiff.*
*Davis & Davis and Schulken, Toon & Schulken for defendant.*

CLARK, C. J. The defendant introduced no evidence, and the only grounds of appeal are for refusal of the motion to nonsuit and in refusing to set aside the verdict. The action is for the wrongful death of plaintiff's intestate. Revisal, 59.

The testimony was that the plaintiff's intestate was taking home to his family some potatoes and candy; that he was walking on the railroad at a place where the track is customarily used by the public, and was killed between Fair Bluff and his home, 16 February, 1910; when last seen he was drunk and staggering along the track; he was killed by the train going east, which was the direction in which he was going, near a trestle inside the limits of Fair Bluff. The mayor of the town testified that he did not hear the train blow after it left Fair Bluff; that he did not hear any crossing blow given by the train after it left Fair Bluff until it reached Barnes' Crossing, 3 miles from the station. Another witness testified that it was a very bright moonlight night; that when the body of the deceased was found his head was between the rail and the guard-rail on the north side of track, near the west end of the trestle, while his body was lying on the east end of the trestle. The train was equipped with the old-fashion oil headlight. The position of the body tended to show that the intestate must have been down on the track when struck. One of his hands was cut off and was found under the trestle. One foot was mashed off, his clothing torn to pieces, and his whole body indicated

that it had been rolled along under the train. The little bag of candy he was carrying his children was found where his head was found and the bag with one or two potatoes in it was found near the body and the other potatoes scattered along the trestle, which was 40 feet across, and further along in an easterly direction along the track for 85 yards. Flesh and blood were on the ties of the trestle as if he had been rolled from where the head was found. There was a V-shaped cowcatcher, the bottom of which was about 8 inches from the rail. The witness testified that he examined the track together with defendant's section master, and found no evidence of the intestate having been struck west of the point where his head was found.

The plaintiff contends that the evidence shows that the intestate was very drunk about three-quarters of an hour before he was killed, going along the track in the direction of his home. The plaintiff also contends that the condition of the body and the circumstances above narrated were sufficient to satisfy the jury that the deceased was not walking along the track, but must have been down on it in a helpless condition; that the track was straight for a long distance at that point, and that the engineer in the exercise of ordinary care could have seen the deceased in time to stop the train and avoid the killing. The train was running about 20 miles an hour.

There was evidence also that the train was running through a populous section of the town of Fair Bluff, over a track which had been used by the public as a walkway for many years, where people were constantly passing and across four road crossings, the engineer gave no alarm, did not sound the signal for crossings, and ran over the intestate on the trestle in the night-time without stopping the train, and without knowing, so far as appears, that the intestate was on the track. The plaintiff contends that this evidence was sufficient to show that a proper lookout was not kept; that the intestate was killed as a direct result of the negligence of the defendant, and that the jury should infer from the condition of the body and the attendant circumstances that the intestate was drunk on the track, and that the engineer should have seen him in time to have avoided killing him.

The facts in this case are very similar to those in *Henderson v. R. R.,* 159 N. C., 581, in which the Court set aside the nonsuit, holding (*Allen, J.*) that the plaintiff was entitled to have the evidence considered by the jury. The facts in this case are also very similar to those in *Powell v. R. R.,* 125 N. C., 370, in which the Court sustained a verdict and judgment for the plaintiff. See citations to the latter case in the Anno. Ed. See, also, *Shepherd v. R. R.,* 163 N. C., 518, and cases therein cited, and *Powers v. R. R.,* 166 N. C., 599; *Dallago v. R. R.,* 165 N. C., 269; *Holman v. R. R.,* 159 N. C., 44; *Norris v. R. R.,* 152 N. C., 505.

Furthermore, it was held in *Powers v. R. R.,* 166 N. C., 599, that the defendant was negligent in not having its engine equipped with an electric headlight, as required by Pell's Revisal, 2617 (a), and that the burden of pleading and proving that it had an electric headlight in use at the time, or that it was excepted from the statute, was upon the defendant. That statute was enacted in 1909, ch. 446, and the death of the defendant's intestate occurred 16 February, 1910.

The case was properly submitted to the jury as the triers of the facts. No error.