BERTIE F. BROWN, Administratrix of W. L. BROWN, v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 29 November, 1916.)

**1. Railroads—Negligence—Trials—Evidence—Last Clear Chance—Nonsuit.**

Where in an action against a railroad company for the negligent killing of plaintiff's intestate there was evidence tending to show that he was intoxicated and was killed by the train rapidly rolling down grade 40 miles an hour upon him in a populous town where the track was straight for a mile or more and frequently used by pedestrians for years, and at a point between two public crossings 250 yards apart; that the train approached without signals or warnings, and the intestate was not seen by the engineer until after he was struck; that the intestate had been drinking and his wounds indicated he was helpless upon the track; and also evidence to the contrary, that the intestate had suddenly stepped from a place of safety in front of the defendant's fast moving train: *Held*, upon a motion to nonsuit it was sufficient upon the question of proximate cause and to sustain a verdict against the defendant upon the third issue as to the last clear chance.

**2. Evidence—Nonsuit—Defendant's Evidence.**

Upon a motion to nonsuit, the defendant's evidence will not be considered.

**3. Railroads—Negligence—Pedestrians—Engineers—Presumptions.**

The doctrine that an engineer on the locomotive of a railway train is not required to stop or slacken the speed of the train upon seeing a pedestrian on the track in apparent possession of his faculties is approved. *Hill v. R. R.*, 169 N. C., 740, cited and approved.

Appeal by defendant from *Long, J.,* at January Term, 1916, of Cabarrus.

*J. Lee Crowell and H. S. Williams for plaintiff.*
*Caldwell & Caldwell for defendant.*

CLARK, C. J. This is an action for wrongful death. About 8 o'clock on the night of 4 October, 1910, the plaintiff's intestate was killed by the defendant's passenger train between Salisbury and Concord, just north of Cook's Crossing on a track which was straight for over a mile at that point. It is alleged in the complaint that the engineer in charge of the train by proper care and diligence could have seen the intestate of the plaintiff in time to stop before the engine struck him, by using proper appliances; but that the train approached the crossing at a rapid rate of speed and the engineer failed to keep a proper lookout for persons on the track or to give any warning of the approach of the train to said crossing, killing the intestate while he was in a helpless condition; that it was in a thickly settled community and that the track had been used by the public for a walkway for a long time. The defendant denied any negligence on its part and averred that the death was caused by the negligence of the intestate, who, it being a double track, stepped from the track on which he was walking suddenly onto the track ahead of the engine when there was not time to stop it.

On the issues submitted to the jury upon the conflicting testimony the jury found that the plaintiff's intestate was killed by the negligence of the defendant; that the said intestate was guilty of contributory negligence, but, notwithstanding, the defendant could have avoided the injury by the exercise of ordinary care and prudence.

The first four exceptions are for failure to nonsutt or to instruct the jury to direct a verdict in favor of the defendant.

The fifth exception is because the court instructed the jury, "If the engineer discovers, or by reasonable watchfulness may discover, a person lying on the track asleep or drunk, or sees a human being who is known to be insane, or otherwise insensible to danger, or unable to avoid it, upon the track in his front, it is his duty to resolve all doubts in favor of the preservation of life and immediately use every available means shorter than imperiling the lives of passengers on its train, to stop it." The sixth exception presents substantially the same point.

The seventh exception is for the instruction to the jury that if they answered the third issue "No," the plaintiff could not recover. The defendant contends that this was an intimation to the jury how that issue should be answered in order for the plaintiff to recover. We do not think that this exception needs any discussion, for there is no indication that the learned judge had any bias in favor of the plaintiff in conducting this trial.

The appeal practically presents the single question of the proximate cause of the death of the plaintiff's intestate. There was evidence pro and con as to the alleged negligence of the defendant. The jury

found that the defendant was negligent and that the intestate was guilty of contributory negligence. The result depended upon the third issue, "Whether, notwithstanding the contributory negligence of the plaintiff's intestate, W. L. Brown, the defendant or its agents could have avoided the injury by the exercise of ordinary care and prudence on its part." There was evidence to sustain a finding in the affirmative, and evidence to the contrary, and the jury have responded "yes." There was evidence that the deceased was killed in a thickly settled community where the railroad had been constantly used as a walkway since 1885; that he was killed at or near two public crossings about 250 yards apart, one of which was the National Highway crossing and the other the Cook crossing; that the track at that place was straight for 2 miles; that the train was a fast passenger train rolling down grade about 40 miles an hour, using little steam and making little noise; that no whistle was blown or other warning given until the man was killed; that the engineer could have seen a man on the track about a mile before reaching him; that he was cut diagonally across his body, a part of his body being on each side of the track, indicating, as the plaintiff claimed, that he was lying on the track when he was killed; that when last seen, about two hours before he was killed, the deceased was drinking and staggering, going in the direction of Cook's crossing, where his body was found a few minutes after he was killed.

In *Norris v. R. R.,* 152 N. C., 505, where the accident happened between two much used crossings about 500 yards apart and the track was much used as a walkway, in a thickly settled community, *Hoke, J.,* for a unanimous Court, held that under such circumstances one walking on the track which has been habitually used as a walkway "has a right to rely to some extent, and under some conditions, upon the signals and warnings to be given by trains at public crossings and other points where such signals are usually and ordinarily required; and that a failure to give proper signals at such points is ordinarily evidence of negligence; and where such failure is the proximate cause of the injury, it is, under some circumstances, evidence from which actual negligence may be inferred."

In *Troy v. R. R.,* 99 N. C., 305, *Davis, J.,* held that where the public had been "in the habit for a series of years of using the track, with the acquiescence of the defendant, this amounts to a license or permission and imposes upon the railroad company the duty to exercise care on that account."

In *Cogdell v. R. R.,* 132 N. C., 853, *Walker, J.,* says: "The law presumes that a person found dead and killed by the alleged negligence of another has exercised due care himself."

The engineer states that he did not see the intestate before striking him, and did not know it until informed by the fireman.

The deceased was last seen in an intoxicated condition near the track, which had been long used by the plaintiff for a walkway; was killed near a crossing, was not seen by the engineer when struck, and there was evidence that no whistle was sounded. The court properly refused a motion to nonsuit. *Powell v. R. R.,* 125 N. C., 370; *Cox v. R. R.,* 123 N. C., 604. The jury had the right to consider the evidence that no whistle or other signal was given. *Howard v. R. R.,* 122 N. C., 952. The jury had also a right to consider the condition in which the body was cut as evidence tending to show that he was drunk and down on the track in an apparently helpless condition. *Barnes v. R. R.,* 168 N. C., 512; *Sawyer v. R. R.,* 145 N. C., 24; *Carter v. R. R.,* 135 N. C., 498; *Deans v. R. R.,* 107 N. C., 686.

The evidence of the defendant cannot be considered on a motion to nonsuit. *Powell v. R. R.,* 125 N. C., 370.

The charge excepted to in the fifth exception is copied from *Deans v. R. R.,* 107 N. C., 692, which has often been approved since. There was evidence for the defendant by the colored fireman that the deceased was walking on the other track, but when the train got within 20 or 30 feet of him he made a lunge over to the right and fell across the rail right in front of the engine. If the jury had believed this testimony, under the charge of the court it would have returned a verdict in favor of the defendant.

The court charged the jury, quoting from *Hoke, J.,* in *Hill v. R. R.,* 169 N. C., 740: "The engineer of a moving train who sees on the track ahead a pedestrian who is alive and in apparent possession of his strength and faculties, the engineer not having information to the contrary, is not required to stop his train or even slacken its speed because of such person's presence on the track. Under the conditions suggested, the engineer may act on the assumption that the pedestrian will use his faculties for his own protection and will leave the track in time to save himself from injury."

The contest was almost purely one of fact upon the third issue, whether, notwithstanding the negligence of plaintiff's intestate, the defendant with the exercise of reasonable and proper care could have avoided killing him; and that depended upon whether he was down on the track or in an evidently intoxicated condition upon the track; and, if so, whether the engineer with proper care should have seen him in time to have avoided killing him.

The court could not have directed a nonsuit upon the evidence, but properly left the case upon the issue of proximate cause to the jury under instructions in accordance with our well settled precedents.

No error.